UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
    v.                          )        CASE NO. 1:94-cr-10287-MLW
                                )
JAMES J. BULGER                 )

_____

UNITED STATES OF AMERICA        )
                                )
    v.                          )        CASE NO. 1:99-cr-10371-RGS
                                )
JAMES J. BULGER                 )

DEFENDANT'S EMERGENCY MOTION
FOR DISCLOSURE OF ALL REPORTS AND NOTES OF
ANY POST-ARREST STATEMENTS BY JAMES J. BULGER

Pursuant to Fed. R. Crim. P.16(a)(1)(A) and (B) and Local Rule 116.3(E), defendant

James J. Bulger moves on an emergency basis for disclosure to the defense of all reports and

notes[1] of statements allegedly made by Mr. Bulger at any time following his June 22, 2011

arrest.  In support of this motion, Mr. Bulger states as follows:

---

[1]        As the Court, the government and the FBI are doubtlessly aware, the Local Rules
of this Court require the preservation of law enforcement notes.  Specifically, they require that
"[a]ll contemporaneous notes, memoranda, statements, reports, surveillance logs, tape
recordings, and other documents memorializing matters relevant to the charges contained in the
indictment made by or in the custody of any law enforcement officer whose agency at the time
was formally participating in an investigation intended, in whole or in part, to result in a federal
indictment shall be preserved" until the completion of the case.  Local Rule 116.9(A).  This Rule
requires the preservation of all notes of statements allegedly made by Mr. Bulger after his arrest
by the FBI or cooperating law enforcement agencies.   Local Rule 116.8 requires the prosecutors
to inform all relevant law enforcement agencies of the obligation to preserve notes.  See also
United States v. Salemme, 978 F. Supp. 386, 390 (D. Mass. 1997) (Wolf, J.) (ordering
preservation of "documents and records, including notes").

Mr. Bulger is charged in each of the above-referenced indictments with racketeering conspiracies and related charges, which, if he is convicted, would keep him in custody for the remainder of his natural life.  Under Fed. R. Crim. P. 16(a)(1)(A), "[u]pon a defendant's request," the defendant is entitled to disclosure by the government of "the substance of any relevant oral statement made by the defendant . . . after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial."  A defendant is also entitled to disclosure of exculpatory evidence.  See, e.g., Local Rule 116.2.  Although ordinarily such information is disclosed on a schedule governed by the Local Rules, see, e.g., Local Rule 116.1(C)(1), 116.2(B), 116.3(A), such discovery may be sought by motion in an emergency situation.  See Local Rule 116.3(E).

Mr. Bulger seeks disclosure of all reports and notes of any statements he allegedly made to law enforcement on an expedited basis for several reasons.

First, at his initial appearance in Boston on June 24, 2011, the government challenged the propriety of Mr. Bulger receiving appointed counsel under the Criminal Justice Act, 18 U.S.C. § 3006A, while simultaneously claiming a right to forfeit all assets belonging to Mr. Bulger, including those seized at the time of his arrest and all those that might be found in the future. Regardless of the merits of the government's claim to forfeiture, Mr. Bulger's statements to law enforcement during or after his arrest are likely to be material to Mr. Bulger's assets, his travels and ability to access assets, and his ability to retain counsel for his own defense.  Magistrate Judges Bowler and Sorokin, and Chief Judge Wolf, have required Mr. Bulger and the government to make filings by close of business on June 27, 2011 to address the propriety of Mr. Bulger's request for the appointment of counsel, and Chief Judge Wolf has scheduled a hearing shortly thereafter.  The reports and notes of statements allegedly made by Mr. Bulger are likely

to be exculpatory, undermine the representations made by the government at Mr. Bulger's initial appearances, and will assist Mr. Bulger to address properly the government's contention that Mr. Bulger has hidden assets, or can call upon family members, and therefore is not entitled to the appointment of counsel.

Second, on June 26, 2011, the *Boston Sunday Globe* reported information that Mr. Bulger allegedly provided to FBI agents at or after the time of his arrest on June 22, 2011.  See Defendant's Emergency Motion to Bar Disclosures and Further Leaks of Information by the FBI and Other Law Enforcement Agencies dated June 27, 2011, and Exhibit 1 thereto (Docket #2337 in Case No. 1:94-cr-10287; Docket #609 in Case No. 1:99-cr-10371).  This information, which reportedly was received by "FBI agents," could only have been disclosed to the press by those FBI agents, by people to whom they disclosed the information, or by prosecutors with access to such information.  The cases against Mr. Bulger have already been highly publicized, hyped, written-about and sensationalized.  It will be as close to impossible for Mr. Bulger to get a fair trial on these charges as can be.  For the FBI to leak selected, non-public alleged information to the press, merely compounds an already profound problem.  Immediate disclosure of the FBI 302s and the law enforcement agent notes of any statements made by Mr. Bulger during or after his arrest are required to determine the extent of the FBI leak of information, and the context for the alleged statements made by Mr. Bulger.

Third, the alleged statements by Mr. Bulger will be required to be turned over to the defense in short order under the Local Rules.  The Court has the authority to order the disclosure of this information sooner.  See Local Rule 116.3(E).  Moreover, but for the challenge to appointing counsel in these cases, Mr. Bulger would have been arraigned on these indictments at the initial appearance on June 24, 2011, and discovery would be proceeding.  Finally, because

the reports and notes of statements allegedly made by Mr. Bulger after his arrest likely bear on

the question of whether Mr. Bulger should receive appointment of counsel, those statements

should in fairness be produced immediately.

      The government will not be prejudiced by producing the requested notes and reports

promptly.

      For these reasons, Mr. Bulger requests the Court to order the government promptly to

disclose to the defense all reports and notes of statements allegedly made by Mr. Bulger at any

time following his June 22, 2011 arrest.

JAMES J. BULGER
By his attorney,

/ S /  Peter B. Krupp

Dated:  June 27, 2011

Peter B. Krupp
  B.B.O. #548112
Lurie & Krupp, LLP
One McKinley Square
Boston, MA  02109
Tel:  617-367-1970

<u>CERTIFICATE OF CONFERENCE</u>

      Pursuant to Local Rule 7.1(A)(2), I, Peter B. Krupp, certify that on June 27, 2011, I conferred with AUSA Brian Kelly about this motion and we were not able to resolve or narrow the issues presented herein.

/ S / Peter B. Krupp

Peter B. Krupp

<u>CERTIFICATE OF SERVICE</u>

I, Peter B. Krupp, hereby certify that this document filed through the ECF system in both of the above-referenced dockets will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on June 27, 2011.

/ S /  Peter B. Krupp

Peter B. Krupp