UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Crim. No. 99-10371-RGS |
| | ) | |
| JAMES J. BULGER | ) | |
| | ) | |

### DEFENDANT'S MEMORANDUM REGARDING
### ESTIMATED TIME REQUIRED TO REVIEW AND ANALYZE DISCOVERY

Counsel for the defendant, James Bulger, estimates that the review and analysis of discovery produced to date in this case will take at least one year from today's date. The discovery provided by the prosecution consists of approximately 580,000 pages of documents. In addition, the prosecution has given defense counsel 921 tapes of wiretaps, with only a few transcribed. Further, the Government is expected to provide the "FBI Civil Discovery CD" noted in their discovery letter dated August 30, 2011. This CD has not been provided to date.

In addition, the defense will be seeking numerous documents containing thousands of pages of information which are relevant and material to this case, including prior statements of

potential witnesses. Some of these documents include[1]: exhibits in the *United States v. Salemme* hearings; Congressional hearing testimony of all pertinent witnesses who testified at the 2002 Congressional hearings relative to informants and the FBI; copies of all files and documents relative to the Office of Professional Responsibility's investigation into the Boston FBI office relative to the defendant; all depositions related to the *Florida v. John Connolly* trial; hearing and trial transcripts and exhibits from the *United States v. John Connolly* Boston proceedings; all civil depositions and transcripts from lawsuits related to the FBI's handling of informants, including the defendant, e.g., *Litif v. United States*, *Donahue and Estate of Halloran v. United States*, *Limone v. United States*, *Rakes v. United States*, and *Callahan v. United States*. The defendant's discovery requests and the documents the defendant will obtain independently are expected to number in the hundreds of thousands of pages.

Based on the initial review of the 580,000 pages presently produced is estimated to require 14,500 hours of review.[2] The

---

[1] Some of these documents may be included in the Government's 580,000 pages produced; however, they have not been found to date.

[2] The defendant estimates that it will take 90 seconds to review, annotate, and index each individual page of discovery. 580,000 pages of discovery would then take 870,000 minutes to annotate (580,000 pages x 1.5 min per page = 870,000 minutes), or 14,500 hours (870,000 minutes / 60 minutes = 14,500 hours).

defendant intends to seek authorization from the court to employ additional attorneys to work fulltime on the case. Defense counsel estimates that the discovery review would be finished in not less than one year if the attorneys are engaged in forty hours per week of review and analysis. This estimate does not include review of any of the 921 wiretap transcripts, any additional discovery that has yet to be produced by the prosecution, any discovery the defendant will obtain independently, strategy meetings of the defense team, and legal research and writing to prepare discovery and substantive motions.

The defendant submits that counsel's estimate is reasonable. For comparison purposes, the co-defendant, Stephen Flemmi, made his initial appearance on October 4, 2000, and the case was resolved on January 27, 2004. There are tens of thousands of pages of relevant proceedings that have taken place in related matters since 2004. In addition, the major witnesses have authored or co-authored books concerning their roles in this case. Moreover, there is evidence that has been uncovered since 2004 that calls into question the earlier assertions of the FBI regarding its relationship with the defendant.

The allotment of a reasonable amount of time to review a tsunami's worth of discovery does not depend on the age of the defendant, nor on his notoriety. It instead is based on his

constitutional right to due process and the effective assistance of counsel. The prosecution's discovery dates back to 1976, and it returned the instant indictment in 1999. The prosecution provided the initial discovery to defense counsel on August 30, 2011, less than six months ago.[3] For the prosecution to suggest that the case is ready to be sent to the District Judge to set a trial date is so unreasonable that it is frivolous.

Defense counsel, who is appointed by the Court, and his team of lawyers, paralegals, investigators, and support staff require the estimated time to review and analyze the discovery, acquire further relevant information, and draft discovery and substantive motions. There *will* be a trial in this case, and the defense must be fully prepared to contest the government's evidence. Defense counsel assures the Court that he will diligently prepare the case for trial, and suggests regular status conferences to permit him to update the Court.

                                      Respectfully submitted,
                                      JAMES J. BULGER
                                      By His Attorneys,

                                      CARNEY & BASSIL

                                      /s/ *J. W. Carney, Jr.*

                                      J. W. Carney, Jr.
                                      B.B.O. # 074760

---

[3] Defense counsel was on trial in this Court from October 23 to December 20, 2011. See *United States v. Mehanna*. No. 09-10017-GAO.

4

/s/ *Henry B. Brennan*

Henry B. Brennan
B.B.O. # 634036

Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
617-338-5566

Dated: February 13, 2012

<u>Certificate of Service</u>

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

/s/ *J. W. Carney, Jr.*

J. W. Carney, Jr.