UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIM. NO. 99-10371-RGS |
| JAMES J. BULGER, | ) ) ) | |
| Defendant. | ) | |

GOVERNMENT RESPONSE TO DEFENDANT'S
MOTION TO RESCHEDULE TRIAL DATE

The defendant has moved for a continuance of his trial date for a period of one year from November 5, 2012 to November 4, 2013. For the reasons set forth below, the government opposes this delay.

I.   Discussion

Defense counsel has complained from the outset of this case that review of the discovery materials in this case constitutes a "Herculean task." He claims in his latest filing that the organization of the discovery is "chaotic" and the accompanying discovery letter is "unhelpful and misleading." While the government disputes these contentions, the government has offered many times to meet with defense counsel to "walk him through" the discovery in the case, to explain the structure of the Indictment, and to identify the documents and witnesses that will be used at trial to prove the allegations in the Indictment. Despite these many offers and similar instructions from Magistrate Judge Bowler, the defendant has refused to meet and confer with government counsel. Instead, defense counsel prefers to wallow in confusion and to complain.

In fact, the discovery materials in this case are well organized. They were produced in a fashion that was designed to be helpful to the defense by people who have worked on the case for

almost two decades. The manner of production was designed to demonstrate the evolution of discoverable materials over the course of time through the litigation of the many civil and criminal cases that resulted from the initial indictment of Bulger in 1995. These materials have been produced in less organized fashion to other lawyers who represented the numerous civil litigants and criminal defendants in the Bulger related cases without complaint. The fact that dozens of other attorneys have managed to successfully litigate their claims without similar complaints causes the government to believe that defense counsels's claims are without merit and designed for one purpose only – to delay the trial of the defendant.

Defense counsel has insisted on renumbering all the discovery materials. Although the government believed that this effort would be of little utility, the government has agreed and has produced additional discovery materials consistent with the new numbering system.

Defense counsel also complains that <u>Jencks</u> materials have not yet been produced. This is not true. The discovery materials already produced contain a significant amount of <u>Jencks</u> and <u>Giglio</u> materials for all of the government's key witnesses. These materials do already contain many of the depositions of government witnesses obtained during the course of civil litigation. Despite the fact that the law does not require the production of these materials until shortly before trial, the government has agreed to produces early <u>Jencks</u> packages organized by witness for the defendant. Much of this material will be cumulative of materials the defendant currently possesses.

Finally, defense counsel complains that his ability to communicate with his client has been chilled due to the disclosure of an attorney-client communication by the Plymouth House of Corrections to the U.S. Attorney's Office. Although this disclosure was unfortunate, it was an inadvertent and isolated incident. The government explained by way of letter dated June 7, 2012

to defense counsel that the correspondence at issue was among approximately two thousand pages of documents acquired by the U.S. Attorney's Office from the Plymouth House of Corrections in connection with the harboring investigation related to the prosecution of the Catherine Greig matter. The documents were provided to the Bulger prosecution team shortly before they were produced to defense counsel in the Bulger case. The correspondence at issue was not reviewed by any member of the U.S. Attorney's Office, and has since been located and placed in a sealed envelope.

Admittedly, this incident was unfortunate, but the Court should not allow it to be used as an excuse by the defendant to refuse to communicate with his counsel except in person. The U.S. Attorney's Office has notified the Plymouth authorities of this error and they have assured the U.S. Attorney's Office that it will not happen again. The defendant must cooperate with his counsel to prepare for trial and not use this incident as an excuse for delay.

II.  Conclusion

The defendant himself is the cause for the dilemma his counsel now faces. The families of nineteen murder victims as well as numerous other extortion victims have waited for almost seventeen years for justice because the defendant decided to remain a fugitive for sixteen years. Some of these victims have passed away while the defendant walked the beaches of Santa Monica. It is out of concern for these victims that the government has offered to assist defense counsel in trial preparation. It is the government's firm belief that this case can move forward in an expeditious fashion if defense counsel meets with the government in a cooperative effort to prepare this case for trial. Defense counsel's confrontational posture regarding this matter is counterproductive and will only serve to further delay these proceedings. As set forth above, if delay is defense counsel's goal, his current strategy is understandable. However, the Court should not allow such a strategy to

control the timing of defendant's trial.

Therefore, the government respectfully requests that the defendant's motion to reschedule the trial date be denied.

                                            Respectfully submitted,

                                            Carmen M. Ortiz
                                            United States Attorney

By:    */s/ Fred M. Wyshak, Jr.*
           Fred M. Wyshak, Jr.
           Brian T. Kelly
           Zachary R. Hafer
           Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I, Fred M. Wyshak, Jr., Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

                                            */s/ Fred M. Wyshak, Jr.*
                                            FRED M. WYSHAK, JR.
                                            Assistant U.S. Attorney