UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
UNITED STATES OF AMERICA      )
                              )
V.                            )          Crim. No. 99-10371-RGS
                              )
JAMES J. BULGER               )
                              )
_____)
```

## DEFENDANT'S MOTION FOR DISCOVERY

### I. Introduction

The defendant, James Bulger, requests that this Court order the government to provide all pleadings, depositions, and trial transcripts in fifteen related civil cases, as well as any other civil cases that relate to James Bulger, and any other trial in which the prosecution witnesses have testified on matters that are relevant to the defendant.[1] In addition, the defendant moves that the court direct the prosecution to provide *Jencks* material to the defendant, as the prosecution already has offered to do at various status hearings.

The defendant is not seeking material that has already been provided in discovery.

---

[1] A list of the fifteen related civil cases is submitted as Appendix 1. The United States was a party in each of those cases. The defendant seeks the other material only if it is in the custody of the United States.

As grounds for this motion, the defendant states the following:

## II. Facts

As defense counsel has brought to the Court's attention on many occasions, the discovery provided by the government was in a state of complete disarray. It has taken months of diligent effort to process the documents and prepare an inventory of what was produced, an effort that is ongoing and that is expected to take until May, 2013. *See* Defendant's Motion to Reschedule Trial Date. For example, defense counsel has located in the discovery thus far some transcripts from the <u>McIntyre v. United States</u> trial. Counsel has yet to determine, however, if the <u>McIntyre</u> pleadings, depositions, and transcripts have been produced in their entirety.

In the Status Report submitted on May 24, 2012, defense counsel informed the Court that "[t]here are several outstanding discovery requests to the government. They include all trial and plea transcripts that the government possesses in related cases that have not previously been provided." The government responded in its Status Report dated May 29, 2012 that "the government will produce all trial and plea transcripts which it possesses that pertain to its anticipated trial witnesses; however, the government is not obligated to produce all the

public transcripts of every witness and/or hearing in the

numerous trials that may have referenced defendant Bulger."

The government has stated on more than one occasion during

hearings before this Court that it is willing to assist the

defense regarding discovery and indicated that one way would be

by providing early disclosures of Jencks material. The defendant

hereby moves that the Court order that Jencks material be

provided at the earliest opportunity to the defendant.

### III. Rules Governing Discovery

Rule 16 of the Federal Rules of Criminal Procedure provides

in pertinent part:

> Upon a defendant's request, the government must permit
> the defendant to inspect and to copy or photograph
> books, papers, documents, data, photographs, tangible
> objects, buildings or places, or copies or portions of
> any of these items, if the item is within the
> government's possession, custody, or control and: (i)
> the item is material to preparing the defense; (ii)
> the government intends to use the item in its case-in-
> chief at trial. . .

Fed. R. Crim. P. 16(a)(1)(E). Local Rule 116.1 provides that the

government must supply the defendant with all of the information

he is entitled to under Rule 16. However, the Court may allow

discovery beyond that required in Rule 16 at its discretion.

United States v. Concemi, 957 F.2d 942, 949 (1st Cir. 1992)

("The scope of discovery is within the discretion of the

district court.") (citations omitted).

The Jencks Act requires the government to disclose to the
defense "any prior statements of government witnesses that
relate to the subject matter of the witnesses' testimony."
United States v. Rosario-Peralta, 175 F.3d 48, 53 (1st Cir.
1999) (citing 18 U.S.C. § 3500(b)). Statements which must be
disclosed under the Jencks Act are either:

> (1) a written statement made, adopted, or approved by
> the witness; (2) a recording (or transcription
> thereof) that is a substantially verbatim recital of
> an oral statement made by the witness and recorded
> contemporaneously with the making of the oral
> statement; or (3) a statement (or transcription
> thereof) made by the witness to a grand jury.

Id. (citing 18 U.S.C. § 3500(e)). A Jencks Act statement is not
required to be exculpatory; any statement by a government
witness meeting one of the three criteria above must be provided
to the defense. See id.

## IV. Argument

The defendant has consistently encountered, at best, time-
consuming delays, and at worst, complete restrictions, in its
quest to acquire pleadings and transcripts from other trials
related to this case. These attempts have been costly both in
terms of attorney and paralegal time and the expense of
requesting these documents from the relevant courts and archives
in the event they are accessible.

These pleadings, depositions, and transcripts in which the
government was a party are within the government's possession,

4

custody, or control, as required by Rule 16. Further, they are material to preparing the defense – they include the statements of important witnesses the defense anticipates the government will call to testify at trial, including law enforcement personnel and cooperating witnesses. Defense counsel must acquire and review all of these documents before trial in order to provide effective assistance.

The Supreme Court emphasized precedent allowing for enhanced discovery in Dennis v. United States when addressing a defendant's request for grand jury testimony. The Court commented that "[t]hese developments are entirely consonant with the growing realization that disclosure, rather than suppression, of relevant materials ordinarily promotes the proper administration of criminal justice." Dennis v. United States, 384 U.S. 855, 871 (1966).

In United States v. George, a prosecution related to the Iran-Contra incident, the defendant sought the pleadings from two prior prosecutions related to the same matter. 786 F. Supp. 11, 15-17 (D.D.C. 1991). The pleadings at issue were not publicly available, as they concerned national security matters. The government opposed the defense's request; however, the court ordered the government to produce the documents. Id. The court noted that the order to produce the pleadings would save the defense vast amounts of time, as it would ". . . expedite the

litigation by ensuring that the defendant and his counsel will be able to spend their time sifting through the thousands of pages of documents rather than briefing and arguing innumerable discovery requests. Defendant has five years of catching up to do and he ought to get started." Id. at 16. Here, obtaining this information from the government would likewise save defense counsel significant time by not having to continue to catalog and inventory the discovery before drafting individual discovery requests related to these transcripts and documents, and would eliminate the need to prepare motions to unseal specific pleadings and transcripts. Access to the requested documents would also allow the defense to anticipate issues that are likely to arise in this litigation.

## V. Conclusion

The defendant's request for materials from related trials and for Jencks material is reasonable and necessary to ensure him a meaningful opportunity to contest the charges against him. The defendant therefore moves that this Court order the government to provide:

1.   All pleadings, depositions, and trial transcripts in the sixteen related civil cases, as well as any other civil cases that relate to James Bulger, and any other trial in which the prosecution witnesses have testified in matters that are relevant to the defendant.

    2.    Jencks material.

    3.    Such other discovery that will permit the defendant to be prepared for trial of this case.

JAMES J. BULGER
By His Attorneys,

CARNEY & BASSIL

/s/ *J. W. Carney, Jr.*

J. W. Carney, Jr.
B.B.O. # 074760

/s/ *Henry B. Brennan*

Henry B. Brennan
B.B.O. # 634036

Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
617-338-5566

June 24, 2012

### Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

/s/ *J. W. Carney, Jr.*

J. W. Carney, Jr.

7