UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                             )
          v.                 )      Criminal No. 99-10371-RGS
                             )
JAMES J. BULGER,             )
          Defendant.         )

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S RECUSAL MOTION**

The United States of America, by and through its undersigned attorneys, hereby opposes defendant's motion for recusal of the Honorable Richard G. Stearns in the above-captioned case. For the reasons set forth below, the defendant's motion is baseless and should be summarily denied without a hearing.

**I.   Introduction**

More than seventeen years ago, James Bulger fled Boston in order to avoid being prosecuted in this case. Now, a year after his capture, he seeks to further delay this prosecution by filing a frivolous and unsubstantiated motion seeking recusal of the Honorable Richard G. Stearns. In the memorandum supporting his motion (hereinafter "Def.'s Memo"), defendant actually claims that the issues he raises can be explored "only while Judge Stearns is in front of the defendant in the witness box, not above him on the bench." Def.'s Memo at 28. Incredibly, defendant also seeks in his motion to preemptively disqualify seven of the eleven remaining Boston-based judges in this District because they previously worked in some capacity for the Department of Justice. As the First Circuit has noted, "recusal motions are sometimes driven more by

litigation strategies than by ethical concerns." <u>In re Cargill, Inc.</u>, 66 F.3d 1256, 1262 (1st Cir.1995). Such is the case here.

Defense counsel baldly asserts — with no affidavit from anyone — that Judge Stearns lacks impartiality to preside at trial because of a "personal interest" in protecting former colleagues at the United States Attorney's Office ("USAO"). Def.'s Memo at 7. He further speculates that Judge Stearns's former supervisory role at the USAO "must have" given him firsthand knowledge of disputed material facts in this case. <u>Id</u>. at 2. Strangely, the defense also contends that Judge Stearns's *inaction* in failing to prosecute defendant himself demonstrates a secret government conspiracy to promise the defendant immunity. <u>Id</u>. at 2-3. As the First Circuit has held, "[a] party cannot cast sinister aspersions, fail to provide a factual basis for those aspersions, and then claim that the judge must disqualify herself because the aspersions, *ex proprio vigore,* create a cloud on her impartiality." <u>In re United States</u>, 158 F.3d 26, 35 (1st Cir. 1998).

Defendant appears to be renewing the previously rejected immunity claims made by his partner in crime, Stephen Flemmi. <u>See United States v. Flemmi</u>, 225 F.3d 78 (2000). Of course, even Flemmi did not ever make the absurd claim that he was authorized to commit murder. Moreover, Bulger's loyal and corrupt former FBI handler, John Connolly, has repeatedly stated that Bulger was not authorized to commit violent crimes. For example, Connolly told the Boston

Globe in an article dated July 19, 1998 that Bulger and Flemmi never confessed to murder to him and were never given a license to kill. On October 21, 1998, Connolly went on a local radio station (WGBH) and told Emily Rooney that "I don't agree with Flemmi's ... assertion that he had the right to do anything but murder. They had the right to conduct a gambling and loansharking business and collect rent from bookmakers with no violence." Bulger, despite contending in his motion that "[t]he time has come to identify the participants in making and upholding the immunity agreement between the parties," Def.'s Memo. at 6, has utterly failed to identify anyone who supposedly promised the defendant immunity from prosecution for committing crimes such as murder. Thus, there is no factual basis for the motion and it should be summarily denied.

## II. Defendant's Failure To Make Any Factual Showing That Judge Stearns Is Likely to Be a Witness or Has Knowledge of Disputed Evidentiary Facts Is Fatal to His Motion Under 28 U.S.C. §§ 455(b)(5)(iv) and 455(b)(1).

Absent a detailed affidavit from defendant Bulger, the factual claims in defendant's motion are little more than unsubstantiated speculation. Of course, "[u]nsubstantiated speculation about the possibility that the judge will be required to be a material witness concerning a disputed issue is not enough to require recusal." United States v. Salemme, 164 F. Supp. 2d 49, 78 (D. Mass. 1998)(quotations and citations omitted). If a judge has knowledge that he is "likely to be a material witness in the proceeding," that judge must recuse himself. 28 U.S.C. §

455(b)(5)(iv). But "[a]s the language plainly states, it must actually be '*likely*' that the judge will be called upon to evaluate his own testimony for this provision to prompt disqualification." Salemme, 164 F. Supp. 2d at 78. Because Def.'s Memo contains no specific factual allegations regarding Judge Stearns's actual involvement in this case, it cannot serve as the basis for recusal. Indeed, the core of defendant's claim as to why recusal is required is that, "[Judge Stearns] was responsible in part for the criminal investigations undertaken by the [United States Attorney's] [O]ffice," and thus he must be examined regarding any potential knowledge he might have regarding defendant's absurd claim that he was given immunity to, among other things, murder his nineteen victims. Def.'s Memo at 6. The single general question defendant asserts that he would ask Judge Stearns (for which he provides no basis as to why Judge Stearns is uniquely positioned to answer) is hardly sufficient to justify recusal. Id. at 6-7. As such, defendant falls woefully short of demonstrating that Judge Stearns's testimony will be relevant and appropriate under Fed. R. Evid. 401 and 403, and therefore "likely" to be allowed at trial under 28 U.S.C. § 455(b)(5)(iv).

It should also be noted that approximately one-third of Def.'s Memo focuses on a 1984 wiretap ("Operation Beans") that the government has repeatedly stated it has no intention of using at trial. By relying on an irrelevant Title III application from

"Operation Beans" as a basis to suggest that Judge Stearns has knowledge of "disputed evidentiary facts concerning the proceeding", 28 U.S.C. § 455(b)(1), the defense willfully ignores the fact that the government is not using it. There is obviously no need for any court to decide a motion to suppress evidence which is not being offered.

Defendant's claim regarding Judge Stearns's supervision of former Assistant United States Attorney ("AUSA") Gary Crossen proves similarly vacuous. Indeed, it is hard to see the relevance of the fact that Crossen and Judge Stearns served as co-counsel on one unrelated case. Def.'s Memo at 17. Moreover, defendant never explains why he must call Judge Stearns as a witness rather than former AUSA Crossen or any of AUSA Crossen's former USAO colleagues.[1] Furthermore, even assuming *arguendo* that Judge Stearns had testimony that would mirror that of former AUSA Crossen, a defendant's inability to present cumulative evidence does not deprive the defendant of his due process rights. United States v. Sanchez, 917 F.2d 607, 618 (1st Cir. 1990).

### III. Recusal Is Not Necessary Under 28 U.S.C. §§ 455(b)(1), 455 (b)(3), or 455(a).

Even without an affidavit from the defendant, it is clear that Judge Stearns has no "personal bias or prejudice concerning a

---

[1]   Indeed, the defense also fails to note that former federal prosecutors William Weld, Jeremiah O'Sullivan and Gary Crossen have all previously denied - under oath - that they ever authorized defendant to commit crimes.

party," under 28 U.S.C. § 455(b)(1), did not serve as counsel or adviser in this case within the meaning of 28 U.S.C. § 455(b)(3), and that no reasonable doubt exists concerning Judge Stearns's impartiality under 28 U.S.C. § 455(a). See United States v. Voccola, 99 F.3d 37, 42 (1st Cir. 1996).

**a.   Judge Stearns Is Not Biased or Prejudiced Under 455(b)(1).**

The First Circuit has found that recusal under 28 U.S.C. § 455(b)(1) requires a "determination of bias/prejudice *in fact*," rather than a mere perception of bias. United States v. Chantal, 902 F.2d 1018, 1023 (1st Cir. 1990)(emphasis in original). The defense, however, misstates the First Circuit's standard regarding this issue. With no citation, it claims that the "appearance of a vested interest" suffices to mandate recusal under 28 U.S.C. § 455(b). Def.'s Memo at 7. This is not correct. Amazingly, defendant also alleges – with absolutely no support — that "[a] person in Judge Stearns's position would have a personal interest in ensuring that the conduct of the United States Attorney's Office in the 1980s is not explored because it could expose his fellow prosecutors and others in law enforcement regarding their corrupt practices." Id. No court has ever found such a conclusory (and baseless) accusation sufficient for recusal under 28 U.S.C. § 455(b)(1). In fact, the First Circuit has condemned unsubstantiated insults, cautioning that "[i]t behooves the courts to exercise due restraint before making the hurling of epithets a rewarding sport

for litigants." <u>Camacho v. Autoridad de Telefonos de Puerto Rico</u>, 868 F.2d 482, 491 (1st Cir. 1989). The misquoted standard for recusal — and other similar false allegations scattered throughout Def.'s Memo — appear designed to obfuscate defendant's total failure to allege that Judge Stearns is biased "in fact." <u>Chantal</u>, 902 F.2d at 1023. Unless this Court presupposes the existence of a secret government conspiracy to allow defendant to murder with impunity, *and* assumes that Judge Stearns will "violate his deepest professional and ethical commitments as a judge" through complicity in its continued suppression, the lack of factual basis underlying this claim requires its rejection. <u>In re United States</u>, 666 F.2d 690, 696 (1st Cir. 1981).

**b.    Judge Stearns Did Not Participate as Counsel or Adviser in This Case Under 455(b)(3).**

A judge must recuse himself "[w]here he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b)(3). Obviously, courts require the recusal of AUSAs who actually act as counsel in a case. <u>See</u>, <u>e.g.</u>, <u>Mixon v. United States</u>, 620 F.2d 486, 487 (5th Cir. 1980)(ordering recusal when "the magistrate happened to have been the Assistant United States Attorney who had represented the Government in the earlier proceedings"). However, a judge's former colleagues' participation in a case does not provide grounds for

7

the judge's recusal. See Kendrick v. Carlson, 995 F.2d 1440, 1444 (8th Cir. 1993). Courts broadly agree on the limits of § 455(b)(3): a judge must have actually participated in a case to trigger mandatory recusal. See, e.g., Mangum v. Hargett, 67 F.3d 80, 83 (5th Cir. 1995)("§ 455(b)(3) does not *mandate* recusal unless the former government attorney has actually participated in some fashion in the proceedings")(emphasis in original); United States v. Di Pasquale, 864 F.2d 271, 279 (3d Cir. 1988)(requiring "a *specific* showing that that judge was previously involved with a case while in the U.S. Attorney's office that he or she is later assigned to preside over as a judge")(emphasis in original); United States v. Ruzzano, 247 F.3d 688, 695 (7th Cir. 2001)("As applied to judges who were formerly AUSAs, § 455(b)(3) requires some level of actual participation in a case to trigger disqualification").

In the instant case, the defense contends that Judge Stearns's supervisory role as chief of the Criminal Division of the USAO mandates his recusal. Def.'s Memo at 21. To support this extreme position, defense counsel miscites a Ninth Circuit decision, U.S. v. Arnpriester, 37 F.3d 466 (9th Cir. 1994). In Arnpriester, the court imputed the knowledge and acts of AUSAs to the United States Attorney through "vertical imputation." Id. at 467. The defense falsely contends that this process also applies to supervisory AUSAs as well, and that Judge Stearns must therefore be responsible for the knowledge of those whom he supervised. Def.'s Memo at 21.

8

However, Arnpriester specifically applied "vertical imputation" to
United States Attorneys only. In fact, extending vertical
imputation to supervisory attorneys would destroy the Ninth
Circuit's logic: unlike United States Attorneys, AUSAs are not
statutorily charged to "prosecute for all offenses against the
United States," 28 U.S.C. § 547(1), within their district. See
Arnpriester, 37 F.3d at 467. The defense's radical interpretation
of this Ninth Circuit case flies in the face of settled law in
other districts. See, e.g., United States v. Boyd, 208 F.3d 638,
647 (7th Cir. 2000) cert. granted in part, judgment vacated, 531
U.S. 1135 (2001)("the requisite 'participation' is not imputed to
a supervisor by virtue of his supervisory authority; it must be
personal"). Moreover, the defense's misreading of Arnpriester
ignores the decision's subsequent interpretation by at least one
district court within the Ninth Circuit itself. See United States
v. Champlin, 388 F. Supp. 2d 1177, 1181 (D. Haw. 2005)("§ 455(b)(3)
requires recusal only when the supervisor actually participated in
a case").

Defense counsel also misrepresents Sixth Circuit precedent,
claiming that Jenkins v. Bordenkircher, 611 F.2d 162 (6th Cir.
1979), mandates Judge Stearns's recusal because "the case before
him is the same as or is related to the case which was within his
jurisdiction as prosecuting attorney." Def.'s Memo at 16 (quoting
Jenkins, 611 F.2d at 166). But Jenkins applies only to the actual

United States Attorney, a position Judge Stearns never held. 611 F.2d at 166. And, of course, the case at bar was first indicted in 1999 – well after Judge Stearns left the USAO.[2]

### c.   A Reasonable Person Would Not Doubt Judge Stearns's Impartiality Under the First Circuit's 455(a) Standard.

The First Circuit has noted that if it set the bar for recusal too low, the justice system would be "paralyzed." Camacho v. Autoridad de Telefonos de Puerto Rico, 868 F.2d 482, 491 (1st Cir. 1989). The First Circuit has also warned that "recusal on demand would provide litigants with a veto against unwanted judges." In re Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2001).

The First Circuit's standard for deciding questions under 28 U.S.C. § 455(a) is "[w]hether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself or even necessarily in the mind of the litigant filing the motion under 28 U.S.C. § 455, but rather in the mind of the reasonable man." Voccola, 99 F.3d at 42. This court must envision an "objective, knowledgeable member of the public" when applying this

---

[2] A more instructive case is the Third Circuit's decision in United States v. Magloire, 235 F. App'x 847 (3d Cir. 2007). In Magloire, the court determined that a former Deputy Criminal Chief in the United States Attorney's Office was not required to recuse himself even though he held a supervisory position during the investigation and indictment producing the case before him as a judge. Id. at 851. Critically, the court found that the judge had not acted as counsel, advised others, or expressed an opinion regarding the prosecution. Id.

standard. United States v. Salemme, 164 F. Supp. 2d 49, 81 (D. Mass. 1998)(quotations omitted). "[U]nder § 455(a), a judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." In re United States, 158 F.3d 26, 34 (1st Cir. 1998)(quotations and citations omitted). Of course, granting recusal lightly would allow a judge to "abdicate in difficult cases at the mere sound of controversy." In re United States, 666 F.2d at 695. More pragmatically, "the unnecessary transfer of a case from one judge to another is inherently inefficient and delays the administration of justice." United States v. Snyder, 235 F.3d 42, 46 (1st Cir. 2000).The defense's § 455(a) claims rely entirely on an unsubstantiated and conclusory assertion that "Judge Stearns would appear to have every reason to protect his former colleagues at the United States Attorney's Office to the detriment of a full exposure of the truth." Def.'s Memo at 29. The First Circuit requires "more than subjective fears, unsupported accusations, or unfounded surmise" underlying a § 455(a) motion. In re United States, 158 F.3d at 30. Of course, some coincidence must be "implicit in the special circumstances" of the relatively small legal world. Salemme, 164 F. Supp. 2d at 82. As the case law makes clear, society expects judges to grapple with and successfully resolve complex issues, and to fulfil their duties with the utmost integrity. There is no reason

to believe Judge Stearns cannot do that in the case at bar.

## IV. Conclusion

For the reasons set forth above, the United States respectfully submits that the defendant's motion should be denied in all respects.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

Dated: July 9, 2012      By: */s/ Brian T. Kelly*
                         BRIAN T. KELLY
                         FRED M. WYSHAK, JR.
                         ZACHARY R. HAFER
                         Assistant U.S. Attorneys

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Brian T. Kelly*
BRIAN T. KELLY
Assistant U.S. Attorney