UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Crim. No. 99-10371-RGS |
| | ) | |
| JAMES J. BULGER | ) | |
| | ) | |

**DEFENDANT'S MOTION TO RESCHEDULE THE TRIAL DATE**

The defendant, James J. Bulger, moves that this court reschedule the current trial date of March 4, 2013 to November 4, 2013. As defense counsel has stated in great detail in its status memoranda and orally before this court, numerous obstacles are restricting the defense's ability to be adequately prepared for trial nearly four months from today. As it stands, the current trial date infringes on the defendant's rights to due process of law and to the effective assistance of counsel under the Fifth and Sixth Amendments of the United States Constitution. As grounds therefor, the defendant states the following.

On June 20, 2012, the defendant moved to have the trial rescheduled to November 4, 2013, stating in his pleading that, among other things, discovery review would not be completed until May 2013.[1] Without a hearing on the defendant's motion or

---

[1] The defense also noted that the court's trial schedule of one year, four months from appointment to trial/plea was on par with an illegal reentry

1

consulting with counsel, this court rescheduled the trial date to March 4, 2013. This date has been and will continue to be well in advance of the time needed for the defense to *complete* discovery review, much less the time needed to draft substantive motions and be prepared for trial.

The March 4, 2013 trial date was set arbitrarily and without any discussion about the massive amount of discovery to be reviewed, discovery issues, and without consideration of the difficulties created by the shameful discovery production by the government. The defense has continued to present and attempt to discuss discovery issues with the court.

Notably, this court rejected, without a hearing, the defense's February 10, 2012 request for six contract attorneys. The request for contract attorneys was intended to help meet the extraordinary discovery demands of this case. This motion for contract attorneys was denied by the court on February 16, 2012. Also on February 10, 2012 the defense requested funds for transcripts of 1,038 wiretap recordings. The request for funds to transcribe would allow more efficient review. Again, the court denied this motion on February 16, 2012. On May 29, 2012 the defense filed a motion for funds for investigators. This

---

deportation case that had been previously before this court. As the defendant asserted in his motion, such a similar schedule was "shocking to the conscience." See Defendant's Motion to Reschedule Trial Date, document #677, pp. 14-15.

motion was not allowed until September 4, 2012, which allows six months to employ investigators on the defendant's behalf.

Discovery review has been further hampered and slowed by the government's discovery practice. The court has done little to relieve this additional litigation which is both time consuming and unnecessary. As the defense has already meticulously detailed the discovery issues in its pleadings and orally before the court, it will only summarize the issues here:

   i. <u>Disorganization.</u> The discovery is completely and totally unorganized. There is no logic as to why documents were placed next to each other in the discovery. The disorganization is exacerbated by the duplication of documents, highlighted by forty-five copies of an FBI-302 report spread throughout the discovery.

   ii. <u>Redactions.</u> The government's redactions of the discovery have hampered the defense's review. The redactions were not done in consideration of this specific case. Rather, the government dumped the entirety of the discovery from the genesis of the related cases on the defense, regardless of multiple copies of the same document in differing states of redaction. The defense does not have time to cross reference each document, some that appear dozens of

    times, and determine the document with the least redaction before discussing with the government. All indications further make clear that the government will not be cooperative in un-redacting documents. This will cause endless and time consuming litigation. The defendant will not abandon his right to seek un-redacted documents which hide volumes of information.

iii. <u>Protective Order.</u> After the court ordered the Protective Order to be lifted excepting the specific designated documents by the government as ones deserving special protection, the government designated over 244,000 pages as protected under the Protective Order. The government has not provided any specific reasons for each document rather than cataloguing documents in broad categories. Despite the assertion that they read each designated document, page by page, a summary review demonstrates that the government has designated countless blank pages, published newspaper reports and other public records as protected. The government has effectively shifted its burden to the defense to actually review hundreds of thousands of pages, propose meetings, and assume the burden of showing why a document should not be protected. This is contrary to the law and Judge

      Bowler's order. The court has allowed this improper effort by the government and ensured the government's success by choosing to acquiesce in the government's strategy rather than enforce the law and the court's Order. The defense can either abandon its right to have these documents made public in order to meet the court's demands or the defense can continue to insist on the legal right to proper use of these documents. The defense is not abandoning any rights relative to the Protective Order and the government's conduct and court's decisions have caused the need to further litigate this time consuming issue.

iv. <u>Civil trial exhibits.</u> Despite being a party to the related civil cases, where the government has paid millions of dollars in settlements and judgments, the government first claimed that they did not have the trial exhibits and then vacillated and claimed that the exhibits are probably located within the discovery produced. The court did not order the government to identify or produce the exhibits and instead directed defense counsel to obtain them from the civil counsel. To date, the defense has received responses from two plaintiffs of the eight civil cases that went to trial. All other parties have been unresponsive. When

>   the defense obtains the trial exhibits, they will be
>   forced to repeat review of major portions of the civil
>   trial transcripts.

The government recently suggested that trial should go forward due to the defendant's age.[2] The defendant's age should not be a reason to infringe upon his constitutionally protected rights. To do so would set a dangerous precedent. The defendant is not "delaying trial" as the government vociferously accuses him of attempting to do. The government, who has intercepted his mail, including an attorney client letter, knows full well that James Bulger will be a witness at trial. Mr. Bulger's attorneys, however, have moral and ethical obligations that extend beyond the fervor to begin trial in March. At a minimum, the defense must be allowed to review all of the discovery, file and litigate substantive motions, and adequately prepare for trial. Mindful that a case of this magnitude could reasonably take three to four years to adequately prepare, the defense has compromised to the extent possible to be ready in November of 2013. In consequence, the defendant is seeking a fair trial date where his counsel has adequate time to prepare. A presumption of

---

[2] AUSA Brian Kelly commented, "…we're concerned that this will be a tactic by Mr. Bulger for delay. We've had one witness die since the last hearing, Theresa Stanley. The defendant is old, the witnesses are old. Frankly, the prosecutors are getting old…" See Status Hr'g Tr., 7:2-8 (Sept. 7, 2012). As an aside, while the prosecutor identified Ms. Stanley as a witness, she was absent from the identified witnesses in all previous court filings. See Government's Status Report, document #656, Exhibit A, p. 13.

6

guilt is not shared by the defense nor is it shared by the Constitution of the United States of America.

There are approximately 366,000 electronic pages of documents in discovery. There are more than one hundred recorded phone calls, over 1,000 cassette tape-audio recordings, dozens of videos, and over one thousand photographs. The defense expects to receive additional discovery, and is in the process of obtaining the trial exhibits from the civil cases as well as the sealed pleadings in related cases. It is expected that the new materials will be thousands of pages.

The government has done an effective job frustrating the discovery process. After the government's vow to the court to facilitate discovery, assist the defense, and provide organization to the discovery, the prosecutors simply have done the opposite. The government is particularly skilled in this ploy and possesses the benefit of a wealth of experience in this area. The government is following the same game plan described by this Court in <u>Limone v. United States</u>, 815 F. Supp. 2d 393, 409 (D. Mass. 2011):

> There is no doubt that there was bad faith in connection with the government's conduct during discovery. The government played a shell game—dumping vast numbers of documents that were so redacted as to be incomprehensible, interposing procedural objections to delay taking any substantive position, repeatedly filing specious objections to discovery, and then specious motions for a stay, culminating in the

disclosure that trial counsel had no access to the unredacted documents.

WHEREFORE, the defendant moves that this court allow for a fair and reasonable trial date which would allow the defense to ethically represent James Bulger and protect his constitutional rights to an effective and prepared counsel. The trial date should be rescheduled to November 4, 2013.

**Request for Oral Argument Before the District Judge**

The defendant moves for oral argument on this motion before the District Judge.

JAMES J. BULGER
By His Attorneys,

CARNEY & BASSIL

*J. W. Carney, Jr.*
J. W. Carney, Jr.
B.B.O. # 074760

*Henry B. Brennan*
Henry B. Brennan
B.B.O. # 634036

Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
617-338-5566

Dated: October 26, 2012

<u>Certificate of Service</u>

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

*J. W. Carney, Jr.*
J. W. Carney, Jr.

```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| V. | ) ) | Crim. No. 99-10371-RGS |
| JAMES J. BULGER | ) ) ) | |

## **AFFIDAVIT IN SUPPORT OF DEFENDANT'S MOTION TO RESCHEDULE THE TRIAL DATE**

I, J. W. Carney, Jr., state that the facts contained in the attached motion are true to the best of my information and belief.

Signed under the pains and penalties of perjury.


*J. W. Carney, Jr.*
J. W. Carney, Jr.

Dated: October 26, 2012

10