UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 99-10371-DJC |
| | ) | |
| JAMES J. BULGER, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR DISCLOSURE OF INFORMANT**

For the reasons set forth below, defendant James J. Bulger's "Motion for Disclosure of Confidential Informant" (ECF Dkt. No.846, hereinafter, "Def.'s Mtn.") lacks merit and should be denied.

Defendant Bulger asks this Court to compel the government to reveal the identity of one of the two confidential informants[1] referenced in a 1995 FBI affidavit submitted in support of a government motion to forfeit James Bulger's share of a winning 1991 "Mass Millions" lottery ticket. Defendant characterizes this as "highly exculpatory evidence." Def.'s Mtn. at 1. However, defendant Bulger is not charged with any crime relating to this matter nor is the lottery ticket mentioned anywhere in

[1] The government already provided the defense with the identity of the first confidential informant because he later became a cooperating witness. Def.'s Mtn. 5.

the pending indictment. Thus, it is not exculpatory of anything at issue in this case.

In reality, defendant's motion is simply an effort to obtain cumulative impeachment material for a government witness, Kevin Weeks – a witness for whom there is clearly a substantial amount of Giglio material that has already been produced to the defense. Specifically, defendant seeks the identity of the informant because he/she may have information that "contradicts the expected testimony" of Kevin Weeks, Def.'s Mtn. 1, and because the defendant hopes to "show that the government possessed information implicating both Weeks and the defendant yet chose only to pursue forfeiture of the defendant's winnings," in the lottery matter, and thereby to establish "motive or bias on the part of Kevin Weeks." Def.'s Mtn. 8-9. Defendant fails to note that discovery has already been produced to the defense that shows: (a) Weeks passed a government polygraph test regarding the lottery ticket issue (Bates No. 00082446); and (b) Weeks himself advised investigators that he and Bulger spread a false "cover story" about the lottery ticket so that their criminal colleague, Stephen Flemmi, would not be mad about being excluded from the winnings (Bates No. 00053573) - thus, it is not surprising that informants eventually recounted the wrong version of events to the FBI.

Of course, defendant Bulger has not filed any affidavit claiming that he disagrees with Kevin Weeks' recollection of the 1991 lottery episode. Indeed, defendant Bulger's own sister – Jean Holland – spent years litigating trying to obtain standing in the forfeiture case presumably in an effort to claim that Bulger won a portion of the lottery ticket without criminal wrongdoing. Thus, it appears that defendant Bulger is now seeking "impeachment" material that he himself disputes.

## I. The Supreme Court and First Circuit have Established a Presumption in Favor of Protecting the Identities of Confidential Informants

Rulings on disclosure of a confidential informant's identity require "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Roviaro v. United States, 353 U.S. 53, 62 (1957). The First Circuit begins this inquiry with a "presumption in favor of confidentiality," and places a **"heavy"** burden "squarely on the defendant to show that disclosure is essential for an adequate defense." United States v. Mills, 11-1249, 2013 WL 951214 at *8 (1st Cir. Mar.

13, 2013)(emphasis added). Indeed, the government's decision not to disclose the identity of its informants "need only give way when disclosure of the informant's identity would be vital to a fair trial" — as when "the government informant was the sole participant, other than the accused, in the transaction charged, or was the only witness in a position to amplify or contradict the testimony of government witnesses." United States v. Martinez, 922 F.2d 914, 920-21 (1st Cir. 1991) (quotations and citations omitted).

Here, as noted at the outset, defendant Bulger is not charged with any crime relating to this matter nor is the lottery ticket mentioned anywhere in the pending indictment. In fact, in a situation like the instant case, "when the government informant is not an actual participant or a witness to the offense, disclosure is required only in those exceptional cases where the defendant can point to some concrete circumstance that might justify overriding both the public interest in encouraging the flow of information, and the informant's private interest in his or her own safety." Id. at 921. For example, in United States v. Tzannos, the First Circuit refused to compel disclosure of a confidential informant's identity when the informant was not "the sole participant, other than the accused, in the transaction charged, was not the only

witness in a position to amplify or contradict the testimony of government witnesses, and in fact had no involvement whatsoever in the crime charged." 460 F.3d 128, 140-41 (1st Cir. 2006) (quotations and citations omitted). The Tzannos court also pointed to the lower "court's finding that revealing the CIs' identities posed an obvious risk to their safety" in justifying its decision. Id. at 139.

## II. The Defense Has Not Met its Heavy Burden Regarding the One Remaining Confidential Informant in the FBI Affidavit

In the case at bar, several factors render disclosure unnecessary in light of the compelling government interest in protecting informants and encouraging the flow of information to law enforcement. First, as noted, the defense has not alleged that the informant has any information regarding the crimes charged in the indictment — this fact alone should preclude compelled disclosure of the informant's identity under the Roviaro standard. See Tzannos, 460 F.3d at 140-41. Second, the defense already has access to the impeachment evidence it seeks regarding the lottery issue, and the government has no Brady burden when "facts [are] readily available to a diligent defender." Lugo v. Munoz, 682 F.2d 7, 9-10 (1st Cir. 1982). This information includes FBI Special Agent Gamel's affidavit summarizing the informant's statements, knowledge of one of the

two confidential informants' identities, and familiarity with the actual lottery winner, Michael Linskey.

Third, disclosure of the informant's identity poses some risk to the informant and his family — the defendant is charged with killing a number of government informants and, if freed, would undoubtedly seek revenge on anyone who assisted the government in making a case against him. Moreover, the mere fact of being labeled a "rat" or a "snitch" can incite third parties to harass or harm an individual who is publicly identified as an informant.

Fourth, former FBI Special Agent John Gamel has advised government counsel that the unidentified informant at issue did not get his information from Kevin Weeks. Thus, defendant's Fed.R.Evid. 613(b) argument falls flat: because Weeks never made an "inconsistent statement to the unnamed informant," Def.'s Mtn. 9, he cannot be impeached under Rule 613.

In short, allowing defendant's request would be unnecessary and ill-advised. He has failed to meet the heavy burden necessary to disclose an informant's identity and his motion amounts to mere speculation that disclosure of a confidential informant's identity may yield cumulative evidence unrelated to the indictment, even though such evidence is "immaterial under

Brady." Conley v. United States, 415 F.3d 183, 189 (1st Cir. 2005).

### III.  Conclusion

For the reasons set forth above, the United States respectfully requests that the Court deny defendant's motion without a hearing.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

Dated: April 1, 2013     By:     */s/ Brian T. Kelly*
BRIAN T. KELLY
FRED M. WYSHAK, JR.
ZACHARY R. HAFER
Assistant U.S. Attorneys

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Brian T. Kelly*
BRIAN T. KELLY
Assistant U.S. Attorney

Dated: April 1, 2013