UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JAMES J. BULGER, )<br>)<br>Defendant. )<br>) | Crim. No. 99-10371-DJC |

**GOVERNMENT'S MOTION IN LIMINE TO ADMIT STATEMENTS MADE TO LAW ENFORCEMENT BY BULGER'S VICTIMS BEFORE THEIR DEATHS**

The United States of America, by and through the undersigned Assistant U.S. Attorneys, hereby moves to admit statements made to law enforcement officials by three of Bulger's 19 murder victims: (a) Richard Castucci; (b) Brian Halloran; and (c) John McIntyre.[1] Each of these victims had previously provided information to law enforcement authorities regarding Bulger, his co-conspirators, and others. These cooperator relationships, and the suspicions by Bulger and his co-conspirators of these relationships, provided the motive for their homicides, as the government's evidence at trial will establish. Because the government will provide sufficient foundational information to authenticate each of the statements,

---

[1] The statements that the government intends to elicit are contained: (a) with respect to Richard Castucci, within Exhibits 208-215; (b) with respect to Brian Halloran, within Exhibits 264-268 and 270-283; and (c) with respect to John McIntyre, within Exhibits 475-483 and 488.

1

the statements are admissible under Fed. R. Evid. 804(b)(6) and *United States v. Houlihan*, 92 F.3d 1271, 1283 (1st Cir. 1996).

I. ARGUMENT

Fed. R. Evid. 804(b)(6) includes among the hearsay exceptions:

> **(6) Statement Offered Against a Party That Wrongfully Caused the Declarant's Unavailability.** A statement offered against a party that wrongfully caused – or acquiesced in wrongfully causing – the declarant's unavailability as a witness, and did so intending the result.

"[C]ourts will not suffer a party to profit by his own wrongdoing. Thus, a defendant who wrongfully procures a witness's absence for the purpose of denying the government that witness's testimony waives his right under the Confrontation Clause to object to the admission of the absent witness's hearsay statements." *Houlihan*, 92 F.3d at 1283 (1st Cir. 1996) ("By murdering Sargent, Houlihan and Nardone denied the prosecution the benefit of his live testimony. To compensate for that denial the court allowed the government to introduce portions of the interviews that Sargent gave to the police."). In *Houlihan*, the First Circuit further held that, "when a person who eventually emerges as a defendant (1) causes a potential witness's unavailability (2) by a wrongful act (3) undertaken with the intention of preventing the potential witness from testifying at a future trial, then the defendant waives his

right to object on confrontation grounds to the admission of the unavailable declarant's out-of-court statements at trial." *Id*. at 1280.

The government must satisfy the foregoing conditions precedent for admissibility by a preponderance of the evidence. *Id.* In *Houlihan*, the First Circuit also found that defendants' "misconduct waived not only their confrontation rights but also their hearsay objections." *Id.* at 1281. Consequently, *Houlihan* established that, in appropriate circumstances, a defendant's wrongful elimination of a witness will constitute waivers of defendant's right to object on the bases of both the Confrontation Clause of the Sixth Amendment and hearsay. *See also United States v. Rouco*, 765 F.2d 983, 995 (11th Cir. 1985) ("In this case, Rouco waived his right to cross-examine Benitez by killing him. The Sixth Amendment does not stand as a shield to protect the accused from his own misconduct or chicanery.") (citations and quotations omitted).

The Supreme Court's decision in *Crawford* did not create a confrontation clause issue under *Houlihan*: as the *Crawford* court itself noted, "the rule of forfeiture by wrongdoing (which we accept) extinguishes confrontation claims on essentially equitable grounds; it does not purport to be an alternative means of determining reliability." *Crawford v. Washington*, 541 U.S. 36, 62 (2004).

Further, "it is sufficient in this regard to show that the evildoer was motivated *in part* by a desire to silence the witness; the intent to deprive the prosecution of testimony need not be the actor's *sole* motivation." *Id.* at 1279 (emphasis in original). *See also United States v. Thompson*, 286 F.3d 950, 965 (7th Cir. 2002) ("In sum, a defendant who joins a conspiracy risks many things – *e.g.*, the admission of his coconspirator's statements at trial under Federal Rule of Evidence 801(d)(2)(E), the potential conviction for substantive offenses committed in furtherance of the conspiracy, and the inclusion of his coconspirator's acts in the computation of his relevant conduct at sentencing. We see no reason why imputed waiver should not be one of these risks, particularly when the waiver results from misconduct designed to benefit the conspiracy's members.")

As the government will establish at trial, Castucci, Halloran, and McIntyre were made unavailable by wrongful acts taken by Bulger and his co-conspirators. Bulger and his criminal enterprise co-conspirators murdered each of these three men with an intention of preventing the use of their incriminating testimony against Bulger and the enterprise during a criminal prosecution. Accordingly, once the government's evidence at trial establishes (by a preponderance) that Bulger was involved in the murders of Castucci, Halloran, and McIntyre, and that his motivation was, at least in part, a desire to

4

silence the victims, the statements made to law enforcement by Castucci, Halloran, and McIntyre prior to their murders should be admitted.

II. CONCLUSION

Based on the foregoing, the government respectfully requests that this Court allow this motion.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

Dated: May 23, 2013        By:        /s/ Zachary R. Hafer
                                      ZACHARY R. HAFER
                                      BRIAN T. KELLY
                                      FRED M. WYSHAK, JR.
                                      Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on May 23, 2013.

                                        */s/ Zachary R. Hafer*
                                        ZACHARY R. HAFER
                                        Assistant U.S. Attorney

Dated: May 23, 2013