UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Crim. No. 99-10371-DJC |
| | ) | |
| JAMES J. BULGER | ) | |
| | ) | |

### DEFENDANT'S MOTION FOR DISCOVERY

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure,[1] and Brady v. Maryland, 373 U.S. 83, 87 (1963), the defendant in the above-captioned matter, James J. Bulger, moves that this Court order the government to provide the defendant with the following discovery:

- All information, documents and other materials provided to AUSA Jamie Herbert or any other member of the Department of Justice referencing (1) any efforts of Steve Johnson or any other member of the Massachusetts State Police to protect or insulate John Martorano from law enforcement investigations relating to criminal acts occurring since his release from federal prison; (2) any information provided to AUSA Herbert or any member of the DOJ about accusations of criminal conduct of John Martorano occurring since his release from federal prison.

Per the Supreme Court, Rule 16 allows the defendant to inspect government documents "material to the preparation of their defense against the Government's case in chief. . ."

---

[1] Rule 16(a)(1)(E) provides, in pertinent part: "Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense. . ."

United States v. Armstrong, 517 U.S. 456, 463 (1996). Rule 16 does not restrict the production of documents to those that are favorable or exculpatory, as Brady does. United States v. Marshall, 132 F.3d 63, 68 (D.C. Cir. 1998). Consequently, Rule 16 has been used to compel the production of evidence that is significant to the defense, but is not necessarily exculpatory. See United States v. Pesaturo, 519 F. Supp. 2d 177, 191-92 (D. Mass. 2007).

Under Rule 16, need only support his request for the documents he is seeking with a "prima facie showing of materiality." United States v. Carrasquillo-Plaza, 873 F.2d 10, 12 (1st Cir. 1989) (quoting United States v. Buckley, 586 F.2d 498, 506 (5th Cir. 1978)). Demonstrating the required materiality "is not a heavy burden". United States v. Poulin, 592 F. Supp. 2d 137, 143 (D. Me. 2008) (quoting United States v. George, 786 F. Supp. 56, 58 (D.D.C. 1992)).

As the defense has pointed out previously, John Martorano is a pivotal government witness. Despite admitting to over twenty murders, Martorano is today a free man. The defense has received information that Martorano has continued his criminal activity since his 2007 release from federal prison. The defense also has information that AUSA Herbert received a letter from a member of the Massachusetts State Police indicating that Martorano's handlers in the State Police have been shielding him

from investigations into his criminal conduct. The defense requests all information in the possession of the government regarding allegations of and actual crimes committed by John Martorano since his release from prison. The defense considers the forbearance of investigations and/or prosecutions of Martorano to be a promise, reward or inducement and something that is automatic, overdue and not something that the defense should have to request at this stage of the proceedings.

The government has recently provided reports that detail an investigation at the beginning of 2013 relative to information and complaints about John Martorano and his involvement in illegal activities.  The USAO has turned over three witness interview reports but has not turned over any information that led to the interview nor any information detailing the complaints, the illegal crimes, or the information about the alleged crimes committed. These materials are exculpatory and material to the defense and must be produced.

## Local Rule Certification

Counsel for the defendant files this discovery motion, and intends to file future discovery motions, pursuant to the exemptions in Local Rule 116.3(e)-(f). Both subsections (e) and (f) state that discovery motions can be filed in emergencies. Given that trial will begin in a few days and that the defendant will not have time to wait for 14 days to receive a response

from the government on discovery matters, the defendant will immediately file discovery motions in lieu of letters. The failure to do so would be ineffective assistance of counsel and would endanger the defendant's right to a fair trial.

        James J. Bulger,
        By His Attorneys

        CARNEY & BASSIL

        */s/ J. W. Carney, Jr.*
        J. W. Carney, Jr.
        B.B.O. # 074760

        */s/ Henry B. Brennan*
        Henry B. Brennan
        B.B.O. #634036

        Carney & Bassil
        20 Park Plaza, Suite 1405
        Boston, MA 02116
        617-338-5566

Dated: June 6, 2013

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

        */s/ J. W. Carney, Jr.*
        J. W. Carney, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) )  ) |
| V. | ) )  Crim. No. 99-10371-DJC |
| JAMES J. BULGER | ) ) ) |

**AFFIDAVIT SUPPORTING DEFENDANT'S MOTION FOR DISCOVERY**

I, J. W. Carney, Jr., state that the facts contained in the attached motion are true to the best of my information and belief.

Signed under the penalties of perjury.

*J. W. Carney, Jr.*
J. W. Carney, Jr.

Dated: June 6, 2013