```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


   _____

   UNITED STATES OF AMERICA,

                  Plaintiff,       Criminal Action
                                   No. 99-10371-DJC
   v.
                                   June 7, 2013
   JAMES J. BULGER,

                  Defendant.
   _____



          EXCERPT TRANSCRIPT OF MOTION HEARING

       RULING ON BOSTON GLOBE MOTION, DOCKET NO. 965

            BEFORE THE HONORABLE DENISE J. CASPER

                  UNITED STATES DISTRICT COURT

                JOHN J. MOAKLEY U.S. COURTHOUSE

                        1 COURTHOUSE WAY

                       BOSTON, MA  02210





                    DEBRA M. JOYCE, RMR, CRR
                     Official Court Reporter
                  John J. Moakley U.S. Courthouse
                   1 Courthouse Way, Room 5204
                        Boston, MA  02210
                         617-737-4410
```

```
 1   APPEARANCES:

 2   FOR THE GOVERNMENT:

 3   BRIAN T. KELLY, ESQ.
     FRED M. WYSHAK, JR., ESQ.
 4   ZACHARY R. HAFER, ESQ.
     United States Attorney's Office
 5   John Joseph Moakley Federal Courthouse
     1 Courthouse Way
 6   Suite 9200
     Boston, MA 02210
 7   617-748-3197

 8   FOR THE DEFENDANT:

 9   J.W. CARNEY, JR., ESQ.
     HENRY B. BRENNAN, ESQ.
10   Carney & Bassil
     20 Park Plaza
11   Suite 1405
     Boston, MA 02116
12   617-338-5566

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2              (The following proceedings were held in open
 3    court before the Honorable Denise J. Casper, United States
 4    District Judge, United States District Court, District of
 5    Massachusetts, at the John J. Moakley United States Courthouse,
 6    1 Courthouse Way, Boston, Massachusetts, on June 7, 2013.)
 7                    *  *  *  *  *  *  *  *  *
 8              THE COURT:  I do now want to turn to the motion that I
 9    heard further argument on earlier this week, the motion by the
10    Boston Globe in regards to two of its reporters, Docket 965.
11              Counsel, I have read your supplemental filing, I have
12    also had a chance to review, as I think you were suggesting I
13    should, the column itself.  I'll give you a moment if you want
14    to add anything, otherwise I'll let you rest on your papers.
15              MR. CARNEY:  I'm just asking the Court to apply the
16    rule of sequestration to all the witnesses, with the exception
17    of the two agents that your Honor has explicitly allowed to be
18    in the courtroom to assist the prosecutors.
19              I submit that whether someone is a doctor or a lawyer
20    or a reporter, everyone should be treated the same if they're a
21    prospective witness.
22              Thank you.
23              THE COURT:  Understood.
24              And certainly, I took that away from the arguments
25    you've made to me earlier this week, but I have had a chance to
```

(timestamps: 11:50 at line 10, 11:51 at line 20)

```
 1    absorb Docket 980, but for all of these reasons -- and let me
 2    just confirm, now that some time has passed, Mr. Carney, does
 3    Mr. Bulger still waive any argument he has in regards to the
 4    recusal issue I had raised?
 5              MR. CARNEY:  Yes.  There's no change in the position,
 6    your Honor.
 7              THE COURT:  Okay.
 8              Mr. Bulger, do you understand the question I just
 9    asked?
11:51 10        THE DEFENDANT:  Yes, your Honor.
 11             THE COURT:  Okay.  Is it still your position that you
 12   waive any issue in regards to recusal?
 13             THE DEFENDANT:  Correct.
 14             THE COURT:  Thank you.
 15             THE DEFENDANT:  Thank you.
 16             THE COURT:  To recap the issue that was raised, I
 17   expect that both parties are seeking sequestration of
 18   witnesses, although I haven't formally done so yet, but we're
 19   going to get to that in a moment, but I understand that both
11:52 20  parties will be seeking sequestration of the witnesses.
 21             Mr. Bulger's witness list included a number of
 22   reporters, two of whom, reporters Murphy and Cullen, filed
 23   Docket 965 to be exempt from any sequestration order that I
 24   enter and to be allowed to sit in on these proceedings.
 25             I heard argument from both parties, I also heard
```

1     argument on behalf of the Boston Globe earlier this week.

2             For the reasons that I'm now going to explain, I'm

3     going to allow the motion, Docket 965, to exempt the reporters

4     that brought this motion, Murphy and Cullen, from the

5     sequestration order, and let me just explain my reasons.

6             I have read, obviously, the clear language of Rule

7     615, but I also think it has to yield to constitutional

8     concerns, which were being raised on behalf of the moving

9     parties.  Here they argue that that right does not just attach

11:53 10   to the Globe institutionally, Mr. Carney, but to the reporters

11    themselves, particularly when any testimony arose out of their

12    work as investigative reporters and they seek to attend the

13    trial for much the same purpose.

14            I note that Judge Tauro came to the same conclusion in

15    United States v. Connolly, 204 F. Supp.2d 138 (D. Mass. 2002)

16    under what I would describe as similar circumstances, and I've

17    had a chance to review that case.

18            I also think an exemption from sequestration is

19    particularly appropriate here when I look at the purposes

11:54 20   behind 615.  The purpose of 615 has long been recognized, "as a

21    means of discouraging and exposing fabrication, inaccuracy, and

22    collusion."  Those are the advisory committee notes to the

23    rule.  I'd also cite to United States v. Charles, 456 F.3d 249,

24    258 (1st Cir.), quoting Opus 3 Ltd. v. Heritage Park, Inc., 91

25    F.3d 625, 628 (1st Cir. 1996).

1        I think there is little danger or little risk of these
2   dangers here because, in the first instance, I think there is
3   uncertainty about whether the conditions under Rule 613(b) will
4   be met here in regards to extrinsic evidence where Mr. Bulger,
5   Mr. Carney on Mr. Bulger's behalf, has expressed an intention
6   to call the reporters for impeachment purposes under that rule.
7        But whether either of those witnesses can actually be
8   called is, at best, as I've suggested, uncertain, at least for
9   two reasons:  First, we don't know if any witness who is
10  confronted with their prior inconsistent statement, whatever
11  those statements may be, we don't know if they're going to
12  disavow those statements triggering one of the conditions for
13  extrinsic evidence being introduced under the rule.  And even
14  if the witness, he or she, did so, I would still have to
15  decide, Mr. Carney, if the alleged inconsistency was as to a
16  material or a collateral matter as per United States v.
17  Cruz-Rodriguez, 541 F.3d 19, 29 to 30 (1st Cir. 2008).
18       Lastly, as I said, as the rule is aimed at
19  discouraging fabrication, collusion, as I said, I also think
20  there's little danger of that here.
21       First, as I expect, and I think Mr. Carney
22  acknowledged, even if he intends to call these reporters, I
23  think it would only be as to a subset of the witnesses on the
24  government's list and not as to all of them or a great number
25  of them.

            And second, to the extent that there's some concern
that the witnesses will shade their testimony, I think here
where these reporters have both written a book and there's an
extensive written record on what they've said, I think there's
less danger of that.

            I have considered your most recent filing, Mr. Carney,
as I said, Docket 980, in reference to a column that was
written by Mr. Cullen, who's one of the moving parties.  I
certainly understand your position, but from a First Amendment
point of view, I'm not sure if it lends more support to your
opposition or more support to the moving party's motion.

            For all of these reasons, I'm going to allow the
motion and exempt the two moving parties from the operation of
any sequestration order that I enter here.

                      *   *   *   *   *   *   *

                      - - - - - - - - - - - -

                              CERTIFICATION

            I certify that the foregoing is a correct transcript
of the record of proceedings in the above-entitled matter to
the best of my skill and ability.



/s/Debra M. Joyce                    June 7, 2013
Debra M. Joyce, RMR, CRR             Date
Official Court Reporter