1                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS
2

3     _____

4     UNITED STATES OF AMERICA,

5                        Plaintiff,        Criminal Action
                                           No. 99-10371-DJC
6     V.
                                           June 5, 2013
7     JAMES J. BULGER,

8                        Defendant.
      _____
9

10

11            EXCERPT OF TRANSCRIPT OF MOTION HEARING

12           BEFORE THE HONORABLE DENISE J. CASPER

13              UNITED STATES DISTRICT COURT

14           JOHN J. MOAKLEY U.S. COURTHOUSE

15                  1 COURTHOUSE WAY

16                 BOSTON, MA  02210

17

18

19

20
                   DEBRA M. JOYCE, RMR, CRR
21                   Official Court Reporter
                 John J. Moakley U.S. Courthouse
22               1 Courthouse Way, Room 5204
                     Boston, MA  02210
23                      617-737-4410

24

25

```
 1    APPEARANCES:

 2    FOR THE GOVERNMENT:

 3    BRIAN T. KELLY, ESQ.
      FRED M. WYSHAK, JR., ESQ.
 4    ZACHARY R. HAFER, ESQ.
      United States Attorney's Office
 5    John Joseph Moakley Federal Courthouse
      1 Courthouse Way
 6    Suite 9200
      Boston, MA 02210
 7    617-748-3197

 8    FOR THE DEFENDANT:

 9    J.W. CARNEY, JR., ESQ.
      HENRY B. BRENNAN, ESQ.
10    Carney & Bassil
      20 Park Plaza
11    Suite 1405
      Boston, MA 02116
12    617-338-5566

13    FOR THE MOVANT THE BOSTON GLOBE:

14    JONATHAN M. ALBANO, ESQ.
      Bingham McCutchen LLP - MA
15    One Federal Street
      Boston, MA 02110-1726
16    617-951-8000

17

18

19

20

21

22

23

24

25
```

1          P R O C E E D I N G S

2              (The following proceedings were held in open

3      court before the Honorable Denise J. Casper, United States

4      District Judge, United States District Court, District of

5      Massachusetts, at the John J. Moakley United States Courthouse,

6      1 Courthouse Way, Boston, Massachusetts, on June 5, 2013.)

7                    *   *   *   *   *   *   *   *   *   *

8              THE COURT:  Counsel, I did want to turn to the motion

9      that had been filed by the Boston Globe, Docket 965, and I

11:14 10     believe Mr. Albano, who represents the Globe, is here as well.

11             Before I hear any argument, and for reasons that will

12     become clear in a moment, I may postpone hearing any argument

13     today.

14             I just wanted to state the following for the record:

15     First, I just note Mr. Carney had agreed that there is no issue

16     as to reporters Shelley and Cullen sitting in on jury

17     selection, but I know you've now formally filed an opposition

18     to their motion otherwise; that's fair to say.

19             MR. CARNEY:  Yes, your Honor.

11:14 20         THE COURT:  And that was Docket 970.  And I've had an

21     opportunity to review that motion.

22             Before we proceed -- and, counsel, you can be seated

23     for the moment -- I just want to say this for the purposes of

24     the record, as counsel on both sides may be aware from my

25     resumé, I previously worked in the litigation department of

1    explained here today, that there is not a sufficient basis on

2    which to make such a ruling.

3            And the last thing I'll say -- this will be the last

4    thing I'll say -- it's not as though there are other cases out

5    there that say this is okay.  Nobody cited a case that says

6    it's okay because other papers will still be covering it.  We

7    have -- it's like saying, well, Rondo went down, but Garnett

8    and Pierce are still on the team, so everything will be fine.

9            People might disagree about the effect of changing the

11:38 10   lineup covering a trial, but that decision is the decision that

11   the First Amendment reserves to the press, and the Court should

12   not be asked to get into that business when, in a case like

13   this one, the record simply does not show that it's necessary.

14           THE COURT:  Thank you, counsel.

15           MR. KELLY:  Your Honor, can we just add briefly --

16           THE COURT:  You may.

17           MR. KELLY:  -- the government's perspective as well.

18           First, with respect to the waiver, we waive that as

19   well, just for the record.

11:38 20          Secondly, I would -- just one or two minutes

21   consistent with what I filed this morning; that is, the

22   defense, despite having a veritable avalanche of discovery in

23   this case of reports, grand jury testimony, has not cited a

24   single material inconsistency which they want to address.  They

25   just want to say, well, it's possible.  They're speculating

there's going to be some sort of inconsistency they can
address, and they're trying to use this as a tool to kick out
people that the defendant, Bulger, doesn't like.  Because make
no mistake, I think that is part of what's going on here.  It's
no secret that this defendant doesn't like certain members of
the press.  It's all over his jailhouse tapes that we gave to
the defense.  He hates certain members of the media, including
Cullen, Murphy, and Howie Carr, especially Howie Carr, and we
think he's using this as a vehicle to boot out reporters that
he doesn't like, and therefore, I think that has some sort of
First Amendment implications that I'll let Mr. Albano address.

But we don't think he should be allowed to use this
unspecified, unsubstantiated suggestion that there are material
inconsistencies that he can use to impeach through these
witnesses.  We don't think under the cases we cited this
morning or the 1st Circuit case law that he can just
willy-nilly bring these people in.  It has to be a material
inconsistency, it can't be collateral.

And a point that was made by Globe's counsel applies
equally as well to the government's case agents.  It's not as
though if they sit through the trial and assist us, they're
going to get up on the stand and say, no, my report's wrong,
I'm going to change that to be consistent with Stephen Flemmi
or Kevin Weeks or whoever they're going concerned is going to
testify inconsistently.  That's not going to happen.

1      So the supposed impeachment evidence, which, again,

2  the defense has never identified, despite having reams of

3  material in advance of this trial, that that supposed

4  inconsistency that may or may not ever happen at trial doesn't

5  go away.

6      They're going to be able to call the witness, at least

7  with respect to Agents Doherty and Johnson, as well as,

8  presumably, these reporters who have written books, the books

9  of which in preparing for this trial I'm sure defense counsel

11:41 10  had to read, we had to read them.  There's no material

11  inconsistency that they're going to be able to bring out.

12      It's not as though, for instance, the murder of Roger

13  Wheeler in Oklahoma, where John Martorano shot Roger Wheeler.

14  If these witnesses come in and say Bulger shot him -- there's

15  no suggestion in any of these books there's material

16  inconsistencies like that.  He knows that.  He's just using the

17  speculative, unsubstantiated theory that there will be

18  inconsistencies to try to knock out certain people that

19  Mr. Bulger himself doesn't want in the courtroom.  So we would

11:41 20  object to it as well.

21      THE COURT:  Counsel, just to take up your point about

22  the two case agents, because I was, actually, going to turn to

23  that -- and I will take the matter in regards to the Globe

24  under advisement given the arguments by counsel today -- but,

25  Mr. Kelly, in regards to the case agent -- and I'm not -- I

1         And did I understand from the -- at least the preview

2    of the argument I got from you on Monday, that your intention

3    in calling Steve Johnson and Dan Doherty was in the same realm

4    as reporters Murphy and Cullen, in the event that certain

5    witnesses disavow certain allegedly prior inconsistent

6    statements?

7         MR. CARNEY:  No, your Honor.

8         THE COURT:  Is there any further proffer you want to

9    make me on why you would be calling them?

11:48 10         MR. CARNEY:  Certainly not --

11         THE COURT:  For the purposes of your position on this

12   motion, counsel.

13         MR. CARNEY:  Certainly not in open court.

14         THE COURT:  Okay.

15         Counsel, I will take that matter under advisement as

16   well, but I appreciate the further clarifications.

17                    *   *   *   *   *   *   *   *

18                    - - - - - - - - - - - -

19                         CERTIFICATION

20         I certify that the foregoing is a correct transcript

21   of the record of proceedings in the above-entitled matter to

22   the best of my skill and ability.

23

24   /s/Debra M. Joyce_____          June 7, 2013, 2013_____
     Debra M. Joyce, RMR, CRR           Date
25   Official Court Reporter