**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

| | |
|---|---|
| | ) |
| **UNITED STATES** | ) |
| | ) |
| v. | )    **Criminal Action No. 99-10371-DJC** |
| | ) |
| **JAMES J. BULGER** | ) |
| _____ | ) |

**<u>JURY CHARGE</u>**
***August 6, 2013***

**Part I**

**DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW**

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. That means that you must decide the case solely on the evidence before you and according to the law.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.

I have organized these instructions into three parts.  First, general instructions; second, instructions as to the charges in this case; and third, instructions that will govern the conduct of your deliberations.

**PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT**

Every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant.  The defendant before you, Mr. James Bulger, has the benefit of that presumption throughout the trial and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Mr. Bulger is guilty of the crimes with which he is charged beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant, Mr. Bulger.  It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The law does not require a defendant to prove his innocence or to produce any evidence.  The defendant, Mr. Bulger, has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of the crimes charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to Mr. Bulger's guilt of the crime charged, it is your duty to acquit him of that crime. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt of the crime charged, you should vote to convict him.

3

**DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY**

The defendant, Mr. Bulger, has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

## IMPROPER CONSIDERATIONS

You must decide this case solely upon the evidence.  You must not be influenced by any personal likes or dislikes, prejudice or sympathy.  You may also not consider or be influenced by any possible punishment that may be imposed on the defendant, Mr. Bulger, or any other possible consequences of a conviction.  Your function is to weigh the evidence in the case and determine whether the government has proved the defendant's guilt beyond a reasonable doubt, solely upon the basis of the evidence.

Your verdict must be based solely on the evidence and the law as I have given it to you in these instructions.

## WHAT IS EVIDENCE; INFERENCES

The evidence from which you are to decide the facts in this case consists of the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness and the exhibits that have been received into evidence.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the plain statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

An inference is simply a deduction or conclusion that may be drawn from the facts that have been established.  Any inference you draw must be reasonable and based on the facts as you find them.  Inferences may not be based on speculation or conjecture.

## KINDS OF EVIDENCE:  DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence:  direct and circumstantial.  Direct evidence is evidence that directly addresses the truth of a fact, such as testimony from an eyewitness that the witness saw something.  Direct evidence could be a simple assertion by someone, for example: "it is raining outside."  That is a statement of a fact observed.  If you thought that person who said that to you was truthful and had a sufficient basis for knowing what the weather was like outside, you could accept the statement as direct evidence that it is raining outside.  Alternatively, if you doubted the reliability of the statement, you could reject it.

Circumstantial evidence is indirect evidence, that is, proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proved directly.  To illustrate an example of circumstantial evidence, let's return to the prior example regarding the weather outside.  Suppose that instead of having someone report to you about the weather conditions, someone came in from outside wearing a wet raincoat and shaking water off an umbrella.  Without any words being spoken, that is, without any direct statement or assertion being made, an observer might conclude that it was raining outside.  The observer would have some direct evidence to consider:  the observations of a wet raincoat and a dripping umbrella.  Thinking about those pieces of direct evidence might lead the observer to draw a conclusion, or an inference, about an unobserved fact:  that it was raining.

You are entitled to consider both kinds of evidence: direct and circumstantial. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.  Circumstantial evidence alone may be sufficient to convict the defendant if it persuades you beyond a reasonable doubt that the defendant is guilty of the offenses alleged in the indictment.

7

## WHAT IS NOT EVIDENCE

Certain things are not evidence. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions by lawyers, standing alone, are not evidence.  Again, the lawyers are not witnesses.  The question and answer taken together are the evidence.

(3)     Objections by lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  If I sustained an objection (in other words, if I agreed with the lawyer objecting), you must ignore the question or exhibit and must not try to guess what the answer might have been or what the exhibit might have contained.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(5)     The indictment is not evidence. This case, like most criminal cases, began with an indictment. I am sending a copy of the indictment into the jury room for you to have during your deliberations.  I caution you, as I have before, that the fact that Mr. Bulger has had an indictment filed against him is no evidence whatsoever of his guilt.  Mr. Bulger has pled not guilty in this case and denies the charges in the indictment. The indictment is simply an accusation.  It is the means by which the allegations and charges

of the government are brought before this Court.

(6)    Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

**EXHIBIT NUMBERS**

The exhibits that have been admitted in evidence for your consideration will be given to you.   The numbers assigned to the exhibits are for convenience and to ensure an orderly procedure.   You should draw no inference from the fact that a particular exhibit was assigned a particular number or that there may be gaps in the number sequence.

## CAUTIONARY AND LIMITING INSTRUCTIONS AS TO PARTICULAR KINDS OF EVIDENCE

A particular item of evidence was sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I have told you when that occurred and instructed you on the purposes for which the item can and cannot be used.

**NOTE TAKING**

As I indicated at the beginning of the trial, you were permitted to take notes if you choose to do so, but some cautions apply. You should bear in mind that not everything that is written down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Notes are an aid to recollection, nothing more; the fact that something is written down does not mean that it is necessarily accurate.

## RECORDINGS AND TRANSCRIPTS

You may recall that a recording of conversations involving the defendant were admitted in evidence.  The recordings of those conversations are the evidence.  The transcripts, that were provided to you while listening to the recording, are not evidence.  The transcripts were only provided to assist you in listening to the recording.  The recording itself (and what you heard on the recording) is the evidence for you to consider and give what weight, if any, you decide it should have.

## CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.  You may believe all of the testimony of a witness, or some of it, or none of it.  You alone are the judges of the credibility of the witnesses.

In deciding whether to believe a witness's testimony, you may want to take into consideration such factors as the witness's conduct and demeanor while testifying; any apparent fairness or any bias he/she may have displayed; any interest you may discern that he/she may have in the outcome of the case; any prejudice he/she may have shown; their opportunities for seeing and knowing the things about which he/she have testified; the reasonableness or unreasonableness of the events that he/she have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict his/her version of the events.

## PRIOR INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are inconsistent with his or her present testimony.  You may consider that earlier statement to help you decide how much of the witness's testimony to believe.  If you find that the prior statement was not consistent with the witness's testimony at this trial, then you should decide whether that affects the believability of that person's testimony at this trial.   Sometimes, of course, people make innocent mistakes, particularly as to unimportant details; not every contradiction or inconsistency is necessarily important.  Again, you alone are the judges of the witnesses' credibility.

Some prior inconsistent statements may be used for purposes other than impeachment.  If you find that a witness has made inconsistent statements under oath on an earlier occasion, such as in a prior trial, court proceeding or in a deposition, you may consider that earlier statement for its truth or falsity, the same as any testimony at this trial.

## CAUTION AS TO CERTAIN WITNESSES

You have heard from a number of witnesses who have provided evidence under an agreement with the government, participated in the crime(s) charged against the defendant and/or testified under a grant of immunity.  Some people in this position are entirely truthful when testifying.  In evaluating the credibility of these witnesses' testimony, you should consider the same factors that you should for any other witness, but you should also consider the testimony of these individuals with particular caution.  They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves.  You must determine whether the testimony of any such witness has been affected by any interest in the outcome of the case or any benefits the witness has received from the government as a result of a plea agreement or immunity agreement.

You also have heard from witnesses who have pled guilty to charges arising out of the same facts and charges as this case.   You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a prosecution witness pled guilty to similar charges.  Each individual's decision to plead guilty is a personal decision about his or her own guilt.  You may consider a witness's guilty plea in assessing his or her own credibility, but it may not be used by you in any way as evidence against the defendant, Mr. Bulger, on trial here.

## SUBSTANTIAL ASSISTANCE

During the course of this trial, you have heard reference to "substantial assistance" motions in regard to the reduction of the criminal sentence of certain witnesses who entered into cooperation agreements with the government.  In considering the testimony of such witnesses with particular caution, as I have just instructed you, you may consider whether a witness hoping to have his/her sentence reduced may have a motive to make up stories or exaggerate what others did because he/she wanted to help himself/herself.

If, at the time of sentencing, the government concludes that a person has provided substantial assistance to the government in its criminal investigation(s) and/or prosecution(s) of one or more individuals, the government may file a substantial assistance motion with the court to recommend a reduced sentence for that person.  Although the sentence ultimately imposed is determined by the court based upon numerous factors including but not limited to the value of the person's assistance to the government, the determination of whether a defendant has provided substantial assistance, and the filing of any such motion, is determined by the government. Under Rule 35 of the federal criminal rules, the general rule is that a substantial assistance motion is made within one year of the person's sentence.  The government may file a substantial assistance motion more than one year after a person's sentence if that individual's substantial assistance involved:  information not known to the person until one year or more after sentencing; information provided by the person to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

17

**EXPERT WITNESSES**

You have heard testimony from several witnesses offered as experts regarding various matters in this case.  An expert witness has specialized knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony.  In weighing an expert's testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert's qualifications including his/her education, experience and training, the soundness of the reasons given for the opinion and all other evidence in the case.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept a witness' testimony merely because he/she is an expert.  Remember that you alone decide how much of a witness's testimony to believe and how much weight it should be given.

**CONSCIOUSNESS OF GUILT**

Intentional flight by a defendant after he is accused of the crimes for which he is now on trial, may be considered by you in the light of all the other evidence in the case.  The burden is upon the government to prove intentional flight.  Intentional flight after a defendant is accused of a crime is not alone sufficient to conclude that he is guilty.  Flight does not create a presumption of guilt.  At most, it may provide the basis for an inference of consciousness of guilt.  But flight may not always reflect feelings of guilt.  Moreover, feelings of guilt, which are present in many innocent people, do not necessarily reflect actual guilt.  In your consideration of the evidence of flight, you should consider that there may be reasons for a defendant's actions that are fully consistent with innocence.

It is up to you as members of the jury to determine whether or not evidence of intentional flight shows a consciousness of guilt and the weight or significance to be attached to any such evidence.

19

**Part II**

**ELEMENTS OF THE CHARGED OFFENSES**

I am now going to instruct you on the nature of the crimes charged in the indictment and the elements of those offenses, all of which the government must prove beyond a reasonable doubt.  As you may recall when I spoke to you at the beginning of this case, the defendant, Mr. Bulger, has been charged by the government with 32 counts in violation of federal law.  He is charged with two racketeering charges in Counts 1 and 2 of indictment (Count 1 is the racketeering conspiracy charge).  As part of the racketeering charges in those Counts, the government alleges that the defendant committed 33 racketeering acts (numbered "Racketeering Acts 1 through 33") that are themselves separate crimes under federal or state law.  The indictment also charges the defendant with two extortion counts in Counts 3 and 4 (Count 3 is an extortion conspiracy charge), twenty-three money laundering charges in Counts 5 through 27 (Count 5 is a money laundering conspiracy charge), and five firearms-related charges in Counts 39, 40, 42, 45 and 48. The government bears the burden of proving each and every element of each of these charges beyond a reasonable doubt.  I will instruct you in a moment about each of these charges and each of the elements that the government must prove beyond a reasonable doubt, but first I want to give you some general instructions about the indictment and some terms that you will hear throughout my instructions about the charges against the defendant.

## **"ON OR ABOUT" EXPLAINED**

You will note that the indictment charges that the charged offenses occurred "on or about" certain dates.  It does not matter if the indictment charges that specific acts occurred in or around a certain date, and the evidence indicates that, in fact, it was on another date.  The law only requires a substantial similarity between the dates alleged in the indictment and the date established by the evidence presented at trial.

## PROOF OF KNOWLEDGE, WILLFULNESS AND INTENT

You will hear reference throughout these instructions to whether the government has proven beyond a reasonable doubt that the defendant committed certain acts knowingly, willfully or intentionally.  To act "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.  You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake.  To act "with intent" or "intentionally" refers to a mental condition or state of mind; that is, the state of mind with which an act is done or failed to be done.  All of these terms concern the defendant's state of mind.  Because it is impossible to prove through direct evidence the inner workings of the human mind, it is frequently necessary to resort to circumstantial evidence.  Thus, in deciding whether something is done knowingly, willfully or intentionally, you may consider the actions of the defendant, by what he said or did, all of the facts and circumstances surrounding his conduct and any reasonable inferences to be drawn from those facts and circumstances.  It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

**INTENT AND MOTIVE**

Intent and motive should never be confused.  Motive is what prompts a person to act or fail to act.  Intent refers to the state of mind with which the act is done or failed to be done.  The motive of the accused is immaterial and need not be proved by the government.  Rather, evidence regarding motive is relevant only insofar as it sheds light on the intent of the defendant.

I shall now turn to each of the charges alleged against Mr. Bulger in the Indictment.

## CONSPIRACY UNDER FEDERAL LAW
### (Counts 1, 3, 5 and Racketeering Acts 21, 24, 29, 30)

The defendant, Mr. Bulger, is charged in Counts 1, 3, and 5, and in Racketeering Acts 21, 24, 29, and 30 of conspiring to commit certain federal crimes.  It is against federal law to conspire to commit these crimes. The conspiracy charges alleged in the indictment are as follows:

The defendant is charged with racketeering conspiracy in Count 1;

The defendant is charged with conspiracy to commit extortion in Count 3 and Racketeering Acts 21 and 24;

The defendant is charged with conspiracy to distribute narcotics or to possess narcotics with intent to distribute in Racketeering Act 29; and

The defendant is charged with conspiracy to commit money laundering in Count 5 and in Racketeering Act 30.

For you to find the defendant guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First:        That the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to commit the crime; and

Second:       That the defendant willfully joined in that agreement.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.  However, the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people or the fact that they may have associated with each other or discussed common

24

aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

The government must prove two types of intent beyond a reasonable doubt before the defendant can be said to have willfully joined the conspiracy:  an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed.  Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors.

Proof that the defendant willfully joined in the agreement must be based upon evidence of his own words and/or actions.  You need not find that the defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture.  Even if the defendant was not part of the agreement at the very start, he may be found guilty of conspiracy if the government proves beyond a reasonable doubt that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime.

## ACTS AND DECLARATIONS OF CO-CONSPIRATORS

I have admitted into evidence against the defendant the acts and statements of others because these acts and statements were committed by persons who, the government charges, were also confederates or co-conspirators of the defendant on trial.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the defendant was a member of a conspiracy charged in the indictment, then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy may be considered against the defendant. This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, then they may not be considered

26

by you as evidence against the defendant.

## CONSPIRACY—SILENT UNDERSTANDING

To establish the existence of a conspiracy, the government need not show that the conspirators entered into any express agreement or formal agreement.  It is not necessary to show that the conspirators directly, by spoken or written words, stated among themselves exactly what their object or purpose was, or exactly what the details of the scheme were, or exactly what means they would adopt to achieve their goals.  A conspiracy is, by its very nature, usually secret in its origin and its execution.  Because of the secretive nature of the crime of conspiracy, the agreement between two or more people may be express or tacit.  It is sufficient if the government demonstrates conduct evidencing a silent understanding to share a purpose to violate the law.

**CONSPIRACY—CIRCUMSTANTIAL EVIDENCE OF AGREEMENT**

Because a conspiracy by its very nature is often secret, neither the existence of the agreement, nor the fact of the defendant's participation in it, must be proved by direct evidence, but may be proved by circumstantial evidence.

## CO-CONSPIRATOR LIABILITY

There is another method by which you may evaluate whether to find the defendant guilty of certain substantive charges in the indictment. In light of my instructions, if you find beyond a reasonable doubt that the defendant was guilty on any of the federal conspiracy charges (Counts 1, 3, and 5), then you may also, but you are not required to, find him guilty of the corresponding substantive crimes (racketeering, extortion, and money laundering, respectively) referenced in that respective conspiracy count, provided the government has proven beyond a reasonable doubt each of the following elements:

First:          That someone committed the substantive crime charged in that count;

Second:     That the person you find actually committed the substantive crime was a member of the conspiracy of which you found the defendant was a member;

Third:        That this co-conspirator committed the substantive crime in furtherance of the conspiracy;

Fourth:      That the defendant was a member of this conspiracy at the time the substantive crime was committed and had not withdrawn from it; and

Fifth:         That the defendant could reasonably have foreseen that one or more of his co-conspirators might commit the substantive crime.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant guilty of the substantive crime charged even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of them.

If, however, you are not satisfied as to the existence of any one of these five elements, then you may not find the defendant guilty of the particular substantive crime unless the government proves beyond a reasonable doubt that the defendant personally committed that substantive crime or aided and abetted its commission.

Before I turn to the substantive charges in the indictment, I must instruct you on another legal principle of culpability, aiding and abetting.

## AIDING AND ABETTING

A number of the counts in the indictment charge not only a violation of a specific criminal statute, but also a violation of Title 18, United States Code, Section 2.

Section 2(a) of Title 18 of the United States Code provides that:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

To "aid and abet" means intentionally to help someone else commit the charged crime.

To establish aiding and abetting, the government must prove beyond a reasonable doubt:

First:        That someone else committed the charged crime; and

Second:    That the defendant consciously shared the other person's knowledge of the charged crime, intended to help the other person, and took part in the endeavor, seeking to make it succeed.

The defendant need not perform the charged crime, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting.  But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough.  Mere presence at the scene of a crime and knowledge that the crime is being committed are also not sufficient to establish aiding and abetting.  But you may consider these among other factors.

## CAUSING AN ACT TO BE DONE BY ANOTHER

Section 2(b) of Title 18 of the United States Code provides that:

Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

If a defendant willfully "causes an act to be done" by another person, the defendant is responsible for those acts as though the defendant personally committed them. To establish that the defendant caused an act to be done, the government must prove beyond a reasonable doubt:

First:          That another person committed the charged crime or committed an indispensable element of the charged crime; and

Second:          That the defendant willfully caused the act or acts, even though the defendant did not personally commit the act or acts.

The government need not prove that the person who did commit the charged crime did so with criminal intent. That person may be an innocent intermediary.

The defendant need not perform the charged crime, be present when it is performed, or be aware of the details of its execution to be guilty of causing an act to be done by another. A general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of the charged crime and knowledge that the crime is being committed are also not sufficient to establish causing an act to be done through another. But you may consider these among other factors.

32

## RACKETEERING CHARGES
### (Counts 1 and 2)

### The Statute Defining the Offense Charged

Count 1 charges a conspiracy under Section 1962(d) of Title 18 of the United States Code

which makes it unlawful to conspire to violate Section 1962(c) of that Title.  I have already

instructed you on conspiracy.  I will now instruct you on the substantive crime of racketeering

under Section 1962(c).  Count 2 charges the defendant with violating Section 1962(c) of Title 18

of the United States Code.  Section 1962(c) provides in pertinent part that:

> It shall be unlawful for any person employed by or associated with any enterprise
> engaged in, or the activities of which affect, interstate or foreign commerce, to
> conduct or participate, directly or indirectly, in the conduct of such enterprise's
> affairs through a pattern of racketeering activity …

### The Essential Elements of the Offense Charged

Section 1962(c) of Title 18 of the United States Code, in essence, makes it a crime to

participate in the conduct of an enterprise's affairs through a pattern of certain violations of law

known as "Racketeering Acts."  In this case, the charged Racketeering Acts include conspiracy

to murder, murder, conspiracy to commit extortion, extortion, narcotics distribution conspiracy,

money laundering conspiracy and money laundering.

The word "racketeering" has certain implications in our society.  Use of that term in this

statute should not be regarded as having anything to do with your determination of whether the

guilt of this defendant has been proven.  The term is only a term used by Congress to describe

the statute.

To prove that a defendant violated Section 1962(c), the government must establish

beyond a reasonable doubt each of the following five elements of the offense:

First:          That an enterprise existed as alleged in the indictment;

Second:          That the enterprise affected interstate or foreign commerce;

Third:           That the defendant was associated with or employed by the enterprise;

Fourth:          That the defendant engaged in a pattern of racketeering activity; and

Fifth:           That the defendant conducted or participated in the conduct of the
                 enterprise through that pattern of racketeering activity.

I will now address each of these elements.

## RICO—FIRST ELEMENT
### (Enterprise)

The first element that the government must prove beyond a reasonable doubt is that an "enterprise" existed as alleged in Count 1 of the indictment, which is incorporated by reference into Count 2 of the indictment.  An enterprise may be:  (1) a legal entity, such as a corporation or partnership; or (2) a group of individuals associated in fact, although this association is not recognized as a legal entity, for a common purpose of engaging in a course of conduct.  That is, although an enterprise can include any legal entity, such as a partnership or corporation, an enterprise also includes a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time.  This group associated in fact, in addition to having a common purpose, must have an ongoing organization, either formal or informal, and must have personnel who function as a continuing unit.  Such association must have a structure.  In this context, structure means a purpose, relationships among those associated with the enterprise and longevity sufficient to permit those associates to pursue the enterprise's purpose.  This group may be organized for a legitimate and lawful purpose or it may be organized for an unlawful purpose.

The government has charged that the enterprise in this case was a criminal organization (known by several names) whose members and associates associated together and with others to earn money through extortion, the distribution of narcotics, money laundering, loansharking, bookmaking and crimes of violence including murder.  If you find that the government has proven beyond a reasonable doubt that this group of people associated in fact were characterized by:  (1) having a structure, as that term is defined above; (2) a common purpose; (3) an ongoing organization, either formal or informal; and (4) by personnel who functioned as a continuing

unit, then you may find that an enterprise existed.

If you find that this enterprise existed, you must also determine whether this enterprise continued in an essentially unchanged form during substantially the entire period charged in the indictment.  This does not mean that everyone involved has to be the same, but the core of the enterprise has to be the same throughout.

## RICO—SECOND ELEMENT
### (Effect on Interstate or Foreign Commerce)

The second element the government must prove beyond a reasonable doubt is that the enterprise was engaged in or had an effect upon interstate or foreign commerce.

Interstate commerce includes the movement of goods, services, money, and individuals between states, or between states and the District of Columbia or a U.S. Territory or possession, or between the United States and a foreign state or nation.

The government must prove that the enterprise engaged in interstate commerce or that its activities affected interstate commerce in any way, no matter how minimal.  It does not have to prove that the racketeering activity actually affected interstate commerce, although proof that Racketeering Acts did affect interstate commerce is sufficient to satisfy this element.  It is not necessary to prove that the acts of the defendant affected interstate commerce as long as the acts of the enterprise had such effect.  Finally, the government is not required to prove that the defendant knew he was affecting interstate commerce.

**RICO—THIRD ELEMENT**
**(Associated with or Employed by the Enterprise)**

The third element which the government must prove beyond a reasonable doubt is that the defendant was associated with or employed by the enterprise.

It is not required that the defendant have been employed by or associated with the enterprise for the entire time that the enterprise existed.   It is required, however, that the government prove, beyond a reasonable doubt, that at some time during the period indicated in the indictment, the defendant in question was employed by or associated with the enterprise.

A person cannot be associated with or employed by an enterprise if he or does not know of the enterprise's existence or the nature of its activities.   Thus, in order to prove this element, the government must prove beyond a reasonable doubt that the defendant was connected to the enterprise in some meaningful way and that the defendant knew of the existence of the enterprise and of the general nature of its activities.

## RICO—FOURTH ELEMENT
### (Engaged in a Pattern of Racketeering Activity)

The fourth element of Count 2 which the government must prove beyond a reasonable doubt is that the defendant engaged in a pattern of racketeering activity. To prove this element for Count 1, the government need only prove that the defendant agreed with at least one other person to engage in a pattern of racketeering activity.

The government has charged the defendant with committing 33 Racketeering Acts which are specified in Count 1 of the indictment and are incorporated by reference into Count 2 of the indictment.

For the federal and state offenses of conspiracy to commit murder, murder, conspiracy to commit extortion, extortion, narcotics distribution conspiracy, money laundering conspiracy and money laundering to be considered as Racketeering Acts, the government must prove to you beyond a reasonable doubt that the defendant committed those offenses. I will soon explain each of the elements of those offenses, the alleged Racketeering Acts, to you. To prove that Racketeering Acts constituted a pattern of racketeering activity, the government must prove that the defendant committed (or aided and abetted) the commission of at least two racketeering acts occurring within ten years of each other that were related to each other and that posed a threat of continued criminal activity. It is not sufficient for the government to prove only that the defendant committed two of the Racketeering Acts I have just described. A series of disconnected acts does not constitute a pattern, and a series of disconnected crimes does not constitute a pattern of racketeering activity, nor do they amount to or pose a threat of continued racketeering activity.

To prove that the Racketeering Acts are related, the government must prove that the acts

had the same or similar purposes, results, participants, victims, or methods of commission, or that they are otherwise interrelated by distinguishing characteristics and are not isolated events.

To prove that the Racketeering Acts pose a threat of continued racketeering activity, the government must establish that the acts are part of a long-term association that exists for criminal purposes.

**RICO—FIFTH ELEMENT**
**(Conducted or Participated in the Conduct of the Enterprise Through that Pattern of Racketeering Activity)**

The fifth and final element that the government must prove beyond a reasonable doubt as to Count 2 is that the defendant conducted or participated in the conduct of the enterprise through a pattern of racketeering activity.  To prove this element for Count 1, the government need only prove that the defendant agreed with at least one other person to conduct or participate in the conduct of the enterprise through a pattern of racketeering activity.

To conduct or participate in the conduct of the enterprise means that the defendant must have played some part in the operation or management of the enterprise.  The government is not required to prove that the defendant was a member of the upper management.  An enterprise is operated not only by those in upper management, but also by those lower down in the enterprise who act under the direction of upper management.

In addition to proving that the defendant played some part in the operation or management of the enterprise, the government must also prove that there is some meaningful connection between the defendant's illegal acts and the affairs of the enterprise.  To satisfy this part of the element, the government must establish either (1) that the defendant's position in the enterprise facilitated commission of those illegal acts and that the racketeering acts had some impact or effect on the enterprise, or (2) that the acts were in some way related to the affairs of the enterprise, or (3) that the defendant was able to commit the acts by virtue of his position or involvement in the affairs of the enterprise.

41

## UNANIMITY ON RACKETEERING ACTS

With respect to Count 2, as I just instructed you, the government must prove beyond a reasonable doubt that at least two of the Racketeering Acts recited in the indictment were committed by the defendant within the prescribed time.

You may not find the defendant guilty of Count 2 unless you agree unanimously that at least two particular Racketeering Acts were committed by the defendant.  It is not enough that you all believe that two Racketeering Acts were committed.  That is, you cannot find the defendant guilty of Count 2 if some of you think that only racketeering acts A and B were committed by the defendant and the rest of you think that only racketeering acts C and D were committed by the defendant.  There must be at least two specific Racketeering Acts that all of you believe were committed by the defendant in order to convict him of Count 2.

The verdict form (that I will later describe to you in these instructions) contains a series of interrogatories for you to answer to indicate which Racketeering Acts, if any, you unanimously find.  Do not answer these interrogatories until after you have reached your verdict as to Count 2.  If you decide that the government has not proven the substantive racketeering charge in Count 2, then you do not need to answer these interrogatories.  However, if you find that the government has proven the elements of this offense beyond a reasonable doubt then, after you have reached and recorded your verdict as to Count 2 on the verdict form, you should answer the interrogatories with respect to each of the alleged Racketeering Acts.  That is, you must decide first whether Mr. Bulger is guilty of the offense charged in Count 2 first, before answering the interrogatories about each of the Racketeering Acts.

### RICO—RACKETEERING ACTS

The Racketeering Acts alleged in the racketeering counts, Counts 1 and 2, arise under federal or state law.  Counts 1 and 2 of the indictment alleges that Mr. Bulger committed 33 acts of racketeering activity (i.e., Racketeering Acts 1 through 33).  These Racketeering Acts include:

1. Conspiracy to murder in violation of Massachusetts state law (Racketeering Acts 1, 7A, 10A, 13A, 17A);

2. Murder in violation of Massachusetts state law (Racketeering Acts 2, 3, 4, 5, 6, 7B, 8, 9, 10B, 11, 12, 14, 15, 16, 18, 19, 20);

3. Murder in violation of Oklahoma state law (Racketeering Act 13B);

4. Murder in violation of Florida state law (Racketeering Act 17B);

5. Extortion (and extortion conspiracy) in violation of federal law (Racketeering Acts 21-27);

6. Extortion in violation of Massachusetts state law (Racketeering Act 28);

7. Narcotics distribution conspiracy in violation of federal law (Racketeering Act 29); and

8. Money laundering (and money laundering conspiracy) in violation of federal law (Racketeering Acts 30-33).

I will now address the elements of each of the Racketeering Acts that the government must prove beyond a reasonable doubt.

## MURDER UNDER MASSACHUSETTS LAW
### (Racketeering Acts 2, 3, 4, 5, 6, 7B, 8, 9, 10B, 11, 12, 14, 15, 16, 18, 19 and 20)

Racketeering Acts 2, 3, 4, 5, 6, 7B, 8, 9, 10B, 11, 12, 14, 15, 16, 18, 19 and 20 charged in

Counts 1 and 2 of the indictment charge Mr. Bulger with murder in Massachusetts.

### The Statutes Defining the Offense Charged

These Racketeering Acts charge the defendant with violating Section 1 of Chapter 265

and Section 2 of Chapter 274 of the Massachusetts General Laws. The relevant part of Section 1

of Chapter 265 reads as follows:

> Murder committed with deliberately premeditated malice aforethought … is
> murder in the first degree.

The relevant part of Section 2 of Chapter 274 reads as follows:

> Whoever aids in the commission of a felony, or is accessory thereto before the
> fact by counselling, hiring or otherwise procuring such felony to be committed,
> shall be punished in the manner provided for the punishment of the principal
> felon.

### The Essential Elements of the Offense Charged

To prove the defendant, Mr. Bulger, guilty of murder in the first degree with deliberate

premeditation, the government must prove beyond a reasonable doubt the following elements:

First:          The defendant caused the death of the victim;

Second:         The defendant intended to kill the victim, that is, the defendant consciously and
                purposefully intended to cause the victim's death; and

Third:          The defendant committed the killing with deliberate premeditation, that is, he
                decided to kill after a period of reflection.

Let me address each of these elements.  The first element is that the defendant caused the

death of the victim. A defendant's act is the cause of the victim's death where the act, in a natural

and continuous sequence, results in death, and without which death would not have occurred.

44

The second element is that the defendant intended to kill the victim, that is, the defendant consciously and purposefully intended to cause the victim's death.

The third element is that the defendant committed the killing with deliberate premeditation, that is, he decided to kill after a period of reflection. Deliberate premeditation does not require any particular length of time of reflection. A decision to kill may be formed over a period of days, hours, or even a few seconds. The key is the sequence of the thought process: first the consideration whether to kill; second, the decision to kill; and third, the killing arising from the decision. There is no deliberate premeditation where the action is taken so quickly that a defendant takes no time to reflect on the action and then decides to do it.

**JOINT VENTURE**

The government is not required to prove that the defendant himself performed the act that caused the victim's death.   However**,** to establish that a defendant is guilty of murder, the government must prove two things beyond a reasonable doubt:

<u>First</u>:            That the defendant knowingly participated in the commission of the murder; and

<u>Second</u>:          That the defendant did so with the intent required to commit the crime.

Such knowing participation by the defendant may take many forms.  It may take the form of personally committing the acts that constitute the crime or of aiding or assisting another in those acts.   It may take the form of the defendant asking or encouraging another person to commit the crime, or of helping to plan the commission of the crime.   Alternatively, it may take the form of the defendant agreeing to stand by at, or near, the scene of the crime to act as a lookout, or to provide aid or assistance in committing the crime, or in escaping, if such help becomes necessary.   An agreement to help if needed does not need to be made through a formal or explicit written or oral advance plan or agreement; it is enough if the defendant and at least one other person consciously acted together before or during the crime with the intent of making the crime succeed.

The government must also prove beyond a reasonable doubt that, at the time the defendant knowingly participated in the commission of the murder, he possessed or shared the intent required for that crime.   You are permitted, but not required, to infer the defendant's mental state or intent from his knowledge of the circumstances or any subsequent participation in the crime.  The inferences you draw must be reasonable, and you may rely on your experience and common sense in determining the defendant's knowledge and intent.

Mere knowledge that a murder is to be committed is not sufficient to convict the

defendant.  The government must also prove more than mere association with the perpetrator of the crime, either before or after its commission.  It must also prove more than a failure to take appropriate steps to prevent the commission of the crime.

Mere presence at the scene of the murder is not enough to find a defendant guilty. Presence alone does not establish a defendant's knowing participation in the crime, even if a person knew about the intended crime in advance and took no steps to prevent it.  To find a defendant guilty, there must be proof that the defendant intentionally participated in some fashion in committing that particular crime and that he had or shared the intent required to commit the crime.  It is not enough to show that the defendant simply was present when the crime was committed or that he knew about it in advance.

## MURDER UNDER OKLAHOMA LAW
### (Racketeering Act 13B)

Racketeering Act 13B charges the defendant with murder in Oklahoma.

### The Statutes Defining the Offense Charged

This Racketeering Act charges the defendant with violating Section 701.7 of Title 21 and

Section 432 of Title 22 of the Oklahoma Statutes.  The relevant part of Section 701.7 of Title 21

reads as follows:

> A person commits murder in the first degree when that person unlawfully and with malice aforethought causes the death of another human being. Malice is that deliberate intention unlawfully to take away the life of a human being, which is manifested by external circumstances capable of proof.

The relevant part of Section 432 of Title 22 reads as follows:

> The distinction between an accessory before the fact and a principal, and between principals in the first and second degree, in cases of felony, is abrogated, and all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, must be prosecuted, tried and punished as principals, and no additional facts need be alleged in any indictment or information against such an accessory than are required in an indictment or information against his principal.

### The Essential Elements of the Offense Charged

No person may be convicted of murder in the first degree unless the government has

proven beyond a reasonable doubt each element of the crime:

First:          The death of a human;

Second:         The death was unlawful;

Third:          The death was caused by the defendant; and

Fourth:         The death was caused with malice aforethought.

"Malice aforethought" means a deliberate intention to take away the life of a human

being. As used in these instructions, malice aforethought does not mean hatred, spite or ill will.

48

The deliberate intent to take a human life must be formed before the act and must exist at the time a homicidal act is committed.  No particular length of time is required for formation of this deliberate intent. The intent may have been formed instantly before commission of the act.

The external circumstances surrounding the commission of a homicidal act may be considered in finding whether or not deliberate intent existed in the mind of the defendant to take a human life.  External circumstances include words, conduct, demeanor, motive, and all other circumstances connected with a homicidal act.

## MURDER UNDER FLORIDA LAW
### (Racketeering Act 17B)

Racketeering Act 17B charges Mr. Bulger with murder in Florida.

### The Statutes Defining the Offense Charged

This Racketeering Act charges the defendant with violating Section 782.04(1)(a) and Section 777.011 of the Florida Statutes. The relevant part of Section 782.04(1)(a) defines murder as follows:

> The unlawful killing of a human being: … When perpetrated from a premeditated design to effect the death of the person killed or any human being.

The relevant part of Section 777.011 reads as follows:

> Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he or she is or is not actually or constructively present at the commission of such offense.

### The Essential Elements of the Offense Charged

To prove the crime of First Degree Premeditated Murder, the government must prove the following three elements beyond a reasonable doubt:

First:      The victim is dead;

Second:     The death was caused by the criminal act of the defendant; and

Third:      There was a premeditated killing of the victim.

An "act" includes a series of related actions arising from and performed pursuant to a single design or purpose.

"Killing with premeditation" is killing after consciously deciding to do so.  The decision must be present in the mind at the time of the killing.  The law does not fix the exact period of

50

time that must pass between the formation of the premeditated intent to kill and the killing.  The period of time must be long enough to allow reflection by the defendant.  The premeditated intent to kill must be formed before the killing.

The question of premeditation is a question of fact to be determined by you from the evidence.  It will be sufficient proof of premeditation if the circumstances of the killing and the conduct of the defendant convince you beyond a reasonable doubt of the existence of premeditation at the time of the killing.

## CONSPIRACY TO MURDER UNDER MASSACHUSETTS STATE LAW
### (Racketeering Acts 1, 7A, 10A, 13A and 17A)

Racketeering Acts 1, 7A, 10A, 13A and 17A allege that James Bulger conspired to commit murder in violation of Massachusetts General Laws, ch. 274, section 7.

### The Statutes Defining the Offense Charged

These Racketeering Acts charge the defendant with violating Section 1 of Chapter 265 and Section 7 of Chapter 274 of the Massachusetts General Laws. The relevant part of Section 1 of Chapter 265 reads as follows:

> Murder committed with deliberately premeditated malice aforethought … is murder in the first degree.

The relevant part of Section 7 of Chapter 274 reads as follows:

> If a person is convicted of a crime of conspiracy for which crime the penalty is expressly set forth in any other section of the General Laws … the penalty therefor shall be imposed pursuant to the provisions of such other section.

### The Essential Elements of the Offense Charged

The defendant is charged with the offense of conspiracy to commit murder.  As indicated earlier, a conspiracy is an agreement of two or more people to do something that is unlawful. The crime is the agreement to do something unlawful.  It does not matter whether the plan was successful or not, or whether any steps were taken to carry out the plan.

To prove the defendant guilty of the crime of conspiracy to commit murder, the government must prove three things beyond a reasonable doubt:

First:     That the defendant joined in an agreement or plan with one or more other persons;

Second:     That the purpose of the agreement was to commit murder; and

Third:     That the defendant joined the conspiracy knowing of the unlawful plan and intending to help carry it out.

52

It is not necessary that the conspirators formulated a formal agreement among themselves, or that they agreed on every detail of the conspiracy or even that they met together. But the government must prove that there was a joint plan among them and that the defendant joined in that plan.

It is not always possible to prove a conspiracy by direct evidence.  The law allows you, where it seems reasonable, to infer that there was a conspiracy from all of the circumstances. For example, if people who know each other or have been in communication with each other are shown to have been involved in concerted actions which all seem designed to accomplish a specific purpose, then it may be reasonable to conclude that those actions were not coincidental but were taken pursuant to a joint plan.

However, remember that it is not enough that the defendant knew about the conspiracy or associated with conspirators.  To be liable as a conspirator, the defendant must have actually joined in the conspiracy as something that he wished to bring about.

**EXTORTION**
**(Counts 3 and 4 and Racketeering Acts 21 through 27)**

Counts 3 and 4 and Racketeering Acts 21 through 27 charge Mr. Bulger with extortion in violation of federal law.  Count 3 and Racketeering Act 21 charge the defendant with an extortion conspiracy, while Counts 4 and Racketeering Acts 22 through 27 charge the defendant with substantive counts of extortion.  I have already instructed you on conspiracy.  I will now instruct you now on the substantive crime of extortion.

### The Statute Defining the Offense Charged

These counts and Racketeering Acts charge the defendant with violating Section 1951 of Title 18 of the United States Code.  The relevant part of Section 1951 of Title 18 reads as follows:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by … extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be [punished].

### The Essential Elements of the Offenses Charged

In these counts and Racketeering Acts, the defendant is accused of obstructing, delaying and affecting commerce by committing extortion.  It is against federal law to engage in such conduct.  For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First:         That the defendant knowingly and willfully obtained property from a person;

Second:      That the defendant did so by means of extortion;

Third:         That the defendant knew that the person extorted parted with the property because of the extortion; and

54

<u>Fourth</u>:        That the extortion affected commerce.

It is not necessary for you to find that the defendant knew or intended that his actions would affect commerce.  It is only necessary that the natural consequences of the acts committed by the defendant as charged in the indictment would affect commerce in any way or degree.  The term "commerce" means commerce between any point in a state and any point outside the state.

"Extortion" means the obtaining of property from another with his consent, induced by wrongful use of actual or threatened force, violence or fear, or under color of official right.

## RACKETEERING ACT 28—EXTORTION UNDER MASSACHUSETTS LAW
### (Racketeering Act 28)

Racketeering Act 28 charges the defendant with extortion under Massachusetts state law.

### The Statutes Defining the Offense Charged

This Racketeering Act charges the defendant with violating Section 25 of Chapter 265 of the Massachusetts General Laws. The relevant part of Section 25 of Chapter 265 reads as follows:

> Whoever, verbally or … by a verbal … communication maliciously threatens an injury to the person or property of another … with intent thereby to extort money or any pecuniary advantage, or with intent to compel any person to do any act against his will, shall be punished …

The relevant part of Section 2 of Chapter 274 reads as follows:

> Whoever aids in the commission of a felony, or is accessory thereto before the fact by counselling, hiring or otherwise procuring such felony to be committed, shall be punished in the manner provided for the punishment of the principal felon.

### The Essential Elements of the Offense Charged

The defendant is accused of committing a state extortion of Raymond Slinger.  For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First:          That the defendant made a malicious threat;

Second:          To Raymond Slinger;

Third:          To injure Raymond Slinger's person or property; and

Fourth:          With intent to extort money.

In determining whether or not the defendant made a malicious threat to injure someone, you may consider the personal history of the speaker, the timing, location, subject matter, and

56

other conditions of the exchange, and the relationship of the parties. The government need not prove that a threat was made by direct evidence. You may infer, from circumstantial evidence, that the defendant made an extortionate threat, so long as you are convinced beyond a reasonable doubt.

Alternatively, you may consider, under Massachusetts state law, whether the defendant aided and abetted the extortion of Raymond Slinger. Where there is evidence that more than one person may have participated in the commission of a crime, the government must prove two things beyond a reasonable doubt:

First:     That the defendant knowingly and intentionally participated in some meaningful way in the commission of the alleged offense, alone or with others; and

Second:    That he did so with the intent required for that offense.

For aiding and abetting the state extortion of Raymond Slinger, the government must prove that the defendant intentionally participated in the commission of the crime as something he wished to bring about, and sought by his actions to make succeed.  Such participation may take the form of personally committing the acts that constitute the crime, helping to plan the commission of the crime or agreeing to provide aid or assistance in committing the crime.

An agreement to help if needed does not need to be made through a formal or explicit written or oral advance plan or agreement.  It is enough to act consciously together before or during the crime with the intent of making the crime succeed.

The government must also prove beyond a reasonable doubt that, at the time the defendant knowingly participated in the commission of the extortion of Mr. Slinger, he had or shared the intent required for that crime.  You are permitted, but not required, to infer the defendant's mental state or intent from his knowledge of the circumstances or any subsequent

participation in the crime.  The inferences that you draw must be reasonable and you may rely on your experience and common sense in determining from the evidence the defendant's knowledge and intent.

**CONSPIRACY TO DISTRIBUTE NARCOTICS OR TO POSSESS NARCOTICS WITH
INTENT TO DISTRIBUTE
(Racketeering Act 29)**

Racketeering Act 29 in the indictment charges Mr. Bulger with conspiring to distribute or possess with intent to distribute cocaine and marijuana.

### The Statute Defining the Offense Charged

This Racketeering Act charges the defendant with violating Section 846 of Title 21 of the United States Code.  The relevant part of Section 846 of Title 21 reads as follows:

> Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

### The Essential Elements of the Offense Charged

The defendant is accused of conspiring to commit a federal crime—specifically, the crime of distributing cocaine or marijuana to others, or the crime of possessing cocaine or marijuana with the intent to distribute the drugs to others.  It is against federal law to conspire with someone to commit these crimes.

For you to find a defendant guilty of a narcotics conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First:      That the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to distribute, or to possess with intent to distribute, cocaine or marijuana, or both drugs; and

Second:    That the defendant willfully joined in that agreement.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime.  If you find that a defendant is guilty of this conspiracy charge, you will also have to determine whether the government has proven beyond a reasonable doubt that the conspiracy of which he was a

member involved at least 5 kilograms of cocaine and/or 1,000 kilograms of marijuana.

The defendant is not charged in Racketeering Act 29 with the crime of distribution of cocaine or marijuana or possession of cocaine or marijuana with intent to distribute.  Rather, the defendant is charged in Racketeering Act 29 with conspiracy to commit that crime.  For your reference, however, the elements of the crimes of distribution of cocaine or marijuana and of possession of cocaine or marijuana with intent to distribute, are as follows.

<u>Elements of distribution of cocaine or marijuana</u>

<u>First</u>:        That an individual transferred cocaine or marijuana to another person;

<u>Second</u>:        That he knew that the substance was cocaine or marijuana; and

<u>Third</u>:        That the defendant acted intentionally, that is, that it was his conscious object to transfer the controlled substance to another person.

<u>Elements of possession of cocaine or marijuana with intent to distribute</u>

<u>First</u>:        That an individual possessed cocaine or marijuana, either actually or constructively;

<u>Second</u>:        That he did so with a specific intent to distribute the cocaine or marijuana over which he had actual or constructive possession; and

<u>Third</u>:        That he did so knowingly and intentionally.

## CONCEALMENT MONEY LAUNDERING
### (Counts 5-27 and Racketeering Acts 30-33)

Counts 5 through 27 and Racketeering Acts 30 through 33 charge Mr. Bulger with concealment money laundering in violation of federal law. Count 5 and Racketeering Act 30 charge the defendant with a concealment money laundering conspiracy, while Counts 6 through 27 and Racketeering Acts 31 through 33 charge the defendant with substantive counts of concealment money laundering. I have already instructed you on conspiracy. I will now instruct you on the substantive crime of concealment money laundering.

### The Statute Defining the Offense Charged

These counts and Racketeering Acts charge the defendant with violating Section 1956(a)(1)(B)(i) of Title 18 of the United States Code. Section 1956(a)(1)(B)(i) of Title 18 of the United States Code provides, in part, that:

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity … knowing that the transaction is designed in whole or in part … to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity [shall be punished].

### The Essential Elements of the Offense Charged

In these counts and Racketeering Acts, the defendant is charged with violating that portion of the federal money laundering statute that prohibits concealment of the proceeds of certain unlawful activities. It is against federal law to engage in such concealment. For the defendant to be convicted of this crime, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First:    That the defendant entered into a financial transaction or transactions, on or about the date alleged;

61

| | |
|---|---|
| <u>Second</u>: | That the transaction involved the use of proceeds of unlawful activities, specifically, proceeds of extortion and the distribution of narcotics and controlled substances; |
| <u>Third</u>: | That the defendant knew that these were the proceeds of some kind of crime that amounts to a state or federal felony; and |
| <u>Fourth</u>: | That the defendant knew that the transaction or transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of that specified unlawful activity. |

A "financial transaction" means a transaction which in any way or degree affects interstate commerce by (i) involving the movement of funds by wire or other means; or (ii) involving one or more monetary instruments; or (iii) involving the transfer of title to any real property.  A "financial transaction" can also be a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate commerce in any way or degree.  A "monetary instrument" means coin or currency of the United States, personal checks, bank checks, or money orders.

Negotiation of a check, or a withdrawal, deposit, or transfer of funds to or from a bank are all financial transactions. In addition, a delivery of cash or transfer of property that affects interstate commerce, even minimally, is a financial transaction.

"Proceeds" means any property, or any interest in property, that someone acquires or retains as a result of the commission of the unlawful activity.

## PROMOTION MONEY LAUNDERING
### (Count 27 and Racketeering Act 33)

Count 27 and Racketeering Act 33 of the indictment also charge Mr. Bulger with promotion money laundering.

### The Statute Defining the Offense Charged

This count and Racketeering Act charge the defendant with violating Section 1956(a)(1)(A)(i) of Title 18 of the United States Code.  Section 1956(a)(1)(A)(i) of Title 18 of the United States Code provides, in part, that:

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity … with the intent to promote the carrying on of specified unlawful activity [shall be punished].

### The Essential Elements of the Offense Charged

The defendant is charged with violating that portion of the federal money laundering statute that prohibits certain financial transactions intended to promote specified unlawful activity.  It is against federal law to engage in such conduct.  For the defendant to be convicted of this crime, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First:
That the defendant entered into a financial transaction or transactions, on or about the date alleged;

Second:
That the transaction involved the use of proceeds of unlawful activities, specifically, proceeds of extortion and the distribution of narcotics and controlled substances;

Third:
That the defendant knew that these were the proceeds of some kind of crime that amounts to a state or federal felony; and

Fourth:
That the defendant entered into the transaction or transactions with the intent to promote the carrying on of the specified unlawful activities.

A "financial transaction" means a transaction which in any way or degree affects interstate commerce by (i) involving the movement of funds by wire or other means; or (ii) involving one or more monetary instruments; or (iii) involving the transfer of title to any real property. A "financial transaction" can also be a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate commerce in any way or degree. A "monetary instrument" means coin or currency of the United States, personal checks, bank checks, or money orders.

Negotiation of a check, or a withdrawal, deposit, or transfer of funds to or from a bank are all financial transactions. In addition, a delivery of cash or transfer of property that affects interstate commerce, even minimally, is a financial transaction.

"Proceeds" means any property, or any interest in property, that someone acquires or retains as a result of the commission of the unlawful activity.

"Promote" means to further, to help carry out or to make easier.

**POSSESSION OF A FIREARM IN FURTHERANCE OF A CRIME OF VIOLENCE**
**(Count 39)**

Count 39 of the indictment charges the defendant with possession of firearms in furtherance of crimes of violence.

### The Statute Defining the Offense Charged

This charges the defendant with violating Section 924(c) of Title 18 of the United States Code.  Section 924(c) of Title 18 of the United States Code provides, in relevant part, that:

> any person who, during and in relation to any crime of violence … for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall [be punished].

### The Essential Elements of the Offense Charged

Count 39 of the indictment charges that from in or before the late 1980s and continuing until in or about 1999, the defendant possessed firearms in furtherance of crimes of violence.  It is against federal law to possess a firearm in furtherance of a crime of violence.  For you to find the defendant guilty of this crime, you must be satisfied that the government has proven each of the following things:

First:     That the defendant committed at least one crime of violence, specifically either Count One or Count Two of the Indictment; and

Second:    That the defendant knowingly possessed a firearm in furtherance of the commission of that crime.

A defendant's possession of a firearm is "in furtherance of" a crime if the firearm possession made the commission of the underlying crime easier, safer or faster, or in any other way helped the defendant commit the crime. There must be some connection between the firearm and the underlying crime, but the firearm need not have been actively used during the crime.

65

The term "possess" means to exercise authority, dominion or control over something.  It is not necessarily the same as legal ownership.  The law recognizes different kinds of possession.

Possession includes both actual and constructive possession.  A person who has direct physical control of something on or around his person is then in actual possession of it.  A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it.  Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession.

Possession also includes both sole and joint possession.  If one person alone has actual or constructive possession, possession is sole.  If two or more persons share actual or constructive possession, possession is joint.   Whenever I have used the word "possession" in these instructions, I mean joint as well as sole possession.

**POSSESSION OF A MACHINEGUN IN FURTHERANCE OF VIOLENT CRIME**
**(Count 40)**

Count 40 of the indictment charges Mr. Bulger with possession of machineguns in furtherance of crimes of violence.

### The Statute Defining the Offense Charged

This also charges the defendant with violating Section 924(c) of Title 18 of the United States Code.  Section 924(c) of Title 18 of the United States Code provides, in part, that:

> any person who, during and in relation to any crime of violence … for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm … If the firearm possessed by a person convicted of a violation of this subsection … is a machinegun … the person shall be [punished]

### The Essential Elements of the Offense Charged

Count 40 of the indictment charges that from in or before the late 1980s and continuing until in or about 1999, the defendant possessed machineguns in furtherance of crimes of violence.  It is against federal law to possess a machinegun in furtherance of a crime of violence. For you to find the defendant guilty of this crime, you must be satisfied that the government has proven each of the following things:

First: That the defendant committed at least one crime of violence, specifically either Count One or Count Two of the Indictment; and

Second: That the defendant knowingly possessed a machinegun in furtherance of the commission of that crime.

A defendant's possession of a machinegun is "in furtherance of" a crime if the machinegun possession made the commission of the underlying crime easier, safer or faster, or in any other way helped the defendant commit the crime. There must be some connection between the machinegun and the underlying crime, but the machinegun need not have been actively used

67

during the crime.  All of the definitions of "possess" and the concepts of actual and constructive possession, and sole and joint possession that I gave you in regard to Count 39 (possession of a firearm in furtherance of a crime of violence) also apply to this Count 40 (possession of a machinegun in furtherance of a crime of violence).

## POSSESSION OF UNREGISTERED MACHINEGUNS
### (Count 42)

Count 42 of the indictment charges Mr. Bulger with possession of unregistered machineguns.

### The Statute Defining the Offense Charged

This charges the defendant with violating Section 5861(d) and Section 5845(a) of Title 26 of the United States Code.  Section 5861(d) of Title 26 of the United States Code provides, in part, that:

> It shall be unlawful for any person ... to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record; ...

For the purposes of this section, the term "firearm" means a machinegun.

### The Essential Elements of the Offense Charged

Count 42 of the indictment charges that from in or about the late 1980s and continuing until in or about 1999, the defendant knowingly and intentionally possessed one or more machineguns which was not registered to him in the National Firearms Registration and Transfer Record.  For the defendant to be found guilty of this offense, you need only conclude that he knowingly and intentionally possessed one firearm which was not registered to him in the National Firearms Registration and Transfer Record.

To sustain its burden of proof for the crime of possessing an unregistered firearm as charged in Count 42 of the indictment, the government must prove the following five essential elements beyond a reasonable doubt:

First:          The defendant knew that he possessed one of the firearms described in Count 42;

Second:      The firearm was a machinegun;

Third:      The firearm possessed was capable of operating as it was designed or could readily be put in operating condition;

Fourth:     The defendant knew of the characteristics of the firearm as described in the indictment (i.e., that it was a machinegun); and

Fifth:      The firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

## TRANSFER OR POSSESSION OF MACHINEGUNS
### (Count 45)

Count 45 of the indictment charges the defendant with the transfer or possession of unregistered machineguns.

### The Statutes Defining the Offense Charged

This charges the defendant with violating Section 922(o) of Title 18 of the United States Code.  Section 922(o) of Title 18 of the United States Code provides, in part, that:

it shall be unlawful for any person to transfer or possess a machinegun.

### The Essential Elements of the Offense Charged

To prove the defendant guilty of the offense charged in Count 45, the government must prove each of the following elements beyond a reasonable doubt:

First:        That the defendant transferred or possessed a firearm as described in the indictment;

Second:        That the firearm the defendant transferred or possessed was a machinegun; and

Third:        That the defendant acted knowingly.

The term "machinegun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.  The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

71

## POSSESSION OF FIREARMS WITH OBLITERATED SERIAL NUMBERS
### (Count 48)

Count 48 of the indictment charges the defendant with possession of firearms with obliterated serial numbers.

### The Statutes Defining the Offense Charged

This count charges the defendant with violating Section 922(k) of Title 18 of the United States Code.  Section 922(k) of Title 18 of the United States Code provides, in part, that:

> It shall be unlawful for any person knowingly to … possess or receive any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered and has, at any time, been shipped or transported in interstate or foreign commerce.

### The Essential Elements of the Offense Charged

The defendant is charged with possessing a firearm in or affecting commerce with an obliterated or removed serial number. It is against federal law to possess a firearm with an obliterated or removed serial number that has been connected with interstate or foreign commerce. For you to find the defendant guilty of this crime, you must be satisfied that the government has proven each of the following things beyond a reasonable doubt:

First:      That defendant knowingly possessed a firearm described in the indictment;

Second:     That the serial number was removed, obliterated or altered at the time the defendant possessed the firearm; and

Third:      That the firearm was connected with interstate or foreign commerce. This means that the firearm, at any time after it was manufactured, moved from one state to another or from a foreign country into the United States. The travel need not have been connected to the charge in the indictment, need not have been in furtherance of any unlawful activity and need not have occurred while the defendant possessed the firearm.

72

The term "firearm" means any weapon which will or is designed or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon.

## Part III

## FOREPERSON'S ROLE; UNANIMITY

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  As your first order of business, you should select a foreperson.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict as to each count must be unanimous; that is, all of you must agree on the verdict.

## REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken great time and effort to prepare and try.  There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## ELEMENTS CHART

I am now having distributed to each of you, a chart of the elements of the offenses and Racketeering Acts charged in this case.  This chart is solely for the purposes of assisting you in keeping track of each of the elements of each of the charged offenses and Racketeering Acts.  It is not a substitute for the instructions that I have given you today.  Those instructions, as a whole, shall govern your deliberations and this chart is merely offered as aid to your understanding of those instructions.  **[Review chart].**

## RETURN OF VERDICT FORM

I want to read to you now what is called the verdict form.  This is simply the written notice of the decision you will reach in this case.

**[Read verdict form].**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.  After you reach a verdict, there may be an additional proceeding.

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing or orally here in open court.  If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time.  You may continue with your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

**SUBMITTING CASE TO JURY**

Members of the jury, it is now time for the case to be submitted to you. I will submit to you a written copy of the jury charge that I have just read when you go to the jury room. I want to caution you, however, not to dwell on any one particular portion of it, if you decide to review it at all, because you must consider these instructions as a whole and not just one individual particular instruction.  You may commence your deliberations.  All of you who are the jury must be together at all times when you're deliberating.  Whenever you need a recess for any purpose, your foreperson may declare a recess.

Do not discuss the case during a recess in your deliberations. All your discussion of the case should occur only when you are all together and your foreperson has indicated that deliberations may proceed. This should be your procedure so that everyone in the jury has the equal opportunity to participate and hear all of what other members of the jury have to say. You may go to the jury room and you may commence your deliberations.

The exhibits (with the exception of the firearms, ammunition and cash themselves) that were admitted in evidence will be sent back with you as well.  The firearms, ammunition and cash admitted will be available for your inspection if you request them.  You will receive, as I said, a copy of the indictment and, as I said, a written copy of the jury charge.

After you have picked your foreperson, you may want to turn your attention to the JERS system.  It is a touch screen program.  On the bottom left corner of the screen, there's a button for a brief tutorial on using the system.  It runs for a few minutes.  There is then a button on the screen on the bottom right of the screen that will allow you to access the exhibits that have been uploaded to the system.

Thank you for your attention and you may now go to the jury room to begin your

79

deliberations.