```
 1                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS
 2

 3   _____

 4   UNITED STATES OF AMERICA,

 5                   Plaintiff,       Criminal Action
                                      No. 99-10371-DJC
 6   v.
                                      November 14, 2013
 7   JAMES J. BULGER,                 10:00 a.m.

 8                   Defendant.

 9   _____

10

11             TRANSCRIPT OF SENTENCING DAY 2

12         BEFORE THE HONORABLE DENISE J. CASPER

13              UNITED STATES DISTRICT COURT

14           JOHN J. MOAKLEY U.S. COURTHOUSE

15                   1 COURTHOUSE WAY

16                    BOSTON, MA  02210

17

18

19

20
                   DEBRA M. JOYCE, RMR, CRR
21                   Official Court Reporter
                 John J. Moakley U.S. Courthouse
22                1 Courthouse Way, Room 5204
                        Boston, MA  02210
23                   joycedebra@gmail.com

24

25

                                                                    2-1
```

```
 1    APPEARANCES:

 2    FOR THE GOVERNMENT:

 3    BRIAN T. KELLY, ESQ.
      FRED M. WYSHAK, JR., ESQ.
 4    ZACHARY R. HAFER, ESQ.
      MARY B. MURRANE, ESQ.
 5    United States Attorney's Office
      John Joseph Moakley Federal Courthouse
 6    1 Courthouse Way
      Suite 9200
 7    Boston, MA 02210
      617-748-3197
 8
      FOR THE DEFENDANT:
 9
      J.W. CARNEY, JR., ESQ.
10    HENRY B. BRENNAN, ESQ.
      Carney & Bassil
11    20 Park Plaza
      Suite 1405
12    Boston, MA 02116
      617-338-5566
13

14

15

16

17

18

19

20

21

22

23

24

25
```

P R O C E E D I N G S

(The following proceedings were held in open court before the Honorable Denise J. Casper, United States District Judge, United States District Court, District of Massachusetts, at the John J. Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts, on November 14, 2013.)

THE CLERK: Criminal action 99-10371, United States v. James Bulger.

Would counsel please state your name for the record.

MR. KELLY: Yes, good morning. Brian Kelly, Fred Wyshak, Zach Hafer, and Mary Murrane for the United States.

THE COURT: Good morning, counsel.

MR. CARNEY: Good morning, your Honor.

THE COURT: Good morning.

MR. CARNEY: Hank Brennan and J.W. Carney, Jr., representing Mr. Bulger, who is present.

THE COURT: Good morning, counsel.

Good morning, Mr. Bulger.

Mr. Bulger, I'm going to first explain my reasons for your sentence, I'll then announce the sentence, and then finally I'll ask you to rise for the formal imposition of sentence.

THE DEFENDANT: Okay.

THE COURT: In terms of my reasons for this sentence, Mr. Bulger, it is hard to know where to begin. Do I begin in

1   1972, over 40 years ago, when the racketeering conspiracy of
2   which you stand convicted began?  Or do I begin in late 1994,
3   early 1995 when you fled Massachusetts upon learning of the
4   impending charges against you?  Or on June 22, 2011 when you
5   were finally arrested after approximately 16 years as a
6   fugitive from justice?  Or do I simply begin with a recitation
7   of the names of the people you've now been found by a jury
8   beyond a reasonable doubt to have murdered: Mr. Paul McGonagle,
9   Mr. Edward Connors, Mr. Thomas King, Mr. Richard Castucci,
10  Mr. Roger Wheeler, Mr. Brian Halloran, Mr. Michael Donahue,
11  Mr. John Callahan, Mr. Arthur Barrett, Mr. John McIntyre, and
12  Ms. Deborah Hussey, or the numbers of others who I won't name
13  at this moment whom you and your associates put in fear of loss
14  of life or serious harm to advance your own financial goals and
15  criminal enterprise?
16          It is hard to know where to begin, but let me begin,
17  Mr. Bulger, where I always do at sentencings, to talk about the
18  matters I must and I have considered in reaching a just and
19  appropriate sentence.
20          In consideration of what a reasonable sentence would
21  be here, I've considered all of the factors under Title 18,
22  United States Code, 3553(a), including, but not limited to, the
23  nature and circumstances of your crimes, your personal history
24  and background, the advisory guideline sentencing range, and
25  the need for the sentence to do many things, including reflect

1   the seriousness of the offenses, promote respect for the law,
2   provide adequate deterrence, avoid unwarranted sentencing
3   disparities, give restitution to the victims, and constitute
4   just punishment.
5           First, I've considered the nature and circumstances of
6   your crimes.  The scope, the callousness, the depravity of your
7   crimes are almost unfathomable.  As the presiding judge, I was
8   certainly aware of the range of criminal allegations against
9   you before the trial began, but even so, even having some sense
10:03 10  of the subject matter to expect at this trial, the testimony of
11  human suffering that you and your associates inflicted on
12  others was at times agonizing to hear and painful to watch.
13          At times during the trial I wished that we were
14  watching a movie, that what we were hearing was not real, but
15  as the families of the victims here know too well, it was not a
16  movie.  At trial we were hearing about the real inhumane things
17  that human beings did to other human beings, seemingly without
18  remorse and without regret.
19          Moreover, the upshot of all of the evidence at trial
10:04 20  was that at base the motivation for your entire criminal
21  enterprise was money:  Money in extorting more money; money in
22  threatening or harming those who didn't pay up to you or, in
23  your estimation, didn't pay up enough; money in dominating the
24  drug trade in South Boston; money being laundered through
25  businesses that you controlled in the names of others; money in

coopting certain law enforcement officers and agents; and money in killing people who might bring down your organization for cooperating with legitimate law enforcement officers.  Your crimes, in my estimation, are made all the more heinous because they were all about money.

Mr. Bulger, I don't doubt for a second that you're an intelligent person, intelligent enough to prey upon those who had no legal recourse.  You extorted money from other criminals, large-scale drug dealers, bookmakers, loan sharks whom you convinced needed your protection, and those who were otherwise beholden to you.

By the time you extorted money from legitimate businessmen, your reputation for violence and for having coopted law enforcement was so well-established that they also found themselves with no recourse and could only comply with your demands.

But make no mistake, it takes no business acumen to take money from folks at the end of a gun, no business acumen to shove a machine gun in the groin of Mr. Solimando or place a shotgun in Mr. Buccheri's mouth.  It's not savvy, it's not being shrewd, it's not being resourceful, it's what anyone can get at the end of a gun.  Very few, thankfully, choose to do so, but you and those at your direction did.

I certainly cannot convey the true nature of your crimes without discussing the nature and circumstances of the

1   murders you've now been found by the jury beyond a reasonable
2   doubt to have committed.  I will not recount the grim and
3   gruesome details of these 11 murders, but I will only note that
4   we heard at trial about the brutal manner in which each of
5   these victims was killed.  Some were tortured at length and
6   then killed, some were shot at close range, some were ambushed
7   in a hail of bullets or otherwise executed.  Each of these
8   lives came to an unceremonious end at your hands or at the
9   hands of others at your direction.  And as if that
10  unceremonious end was not enough, we heard how these victims'
11  bodies were left to expire at the scene of the crime, stuffed
12  in a trunk, or in a few instances, buried at the beach or in a
13  basement, only to be later unearthed and reburied in a field.
14  Unfathomable acts conducted in unfathomable ways.
15           The pain and suffering that the families of these
16  victims have endured was communicated very movingly yesterday
17  and in the letters that I've received and reviewed.  These
18  family members recounted that even after all these many years,
19  many are still picking up the pieces left in the large wake of
20  your horrific acts, or as one family member put it, as a result
21  of the persistent, unyielding, and unpredictable brutality that
22  you and others inflicted.
23           Loss of a loved one is pain enough, but to lose a
24  loved one to violence, to murder, is unimaginable, and I thank
25  these family members for their attempts to put that pain into

```
 1   words for me.
 2           Their loss was made all the more unimaginable,
 3   Mr. Bulger, because these families had to wait years, decades,
 4   to know what end their loved ones met, and in some cases to
 5   bury them with the respect that everyone who meets their end in
 6   life deserves.
 7           I do want to note, even if I had not heard from the
 8   families of victims whose predicates were not proven beyond a
 9   reasonable doubt at trial, even if I had not heard from those
10   victims' families about what they had to say about your
11   background, character, and conduct, I want to make very clear
12   that I would have come to the same sentence that I impose
13   today, because the conduct which the jury found proven at trial
14   beyond a reasonable doubt in and of itself merits the most
15   severe penalty.
16           Mr. Bulger, the nature and circumstances of your
17   crimes, however, are not the only factors that I've considered.
18           Second, I've considered your personal history and
19   characteristics.  You chose not to be interviewed by Probation
20   for the presentence report, that's certainly your right, as I
21   mentioned yesterday, but it gives me less than I usually have
22   in the normal course when sentencing a defendant.
23   Nevertheless, from that document I've gleaned that you are 84
24   years old, you have a high school diploma, and a criminal
25   history that dates back some time.
```

1                I certainly cannot conclude a discussion of your
2    personal background without discussing how you spent 16 years
3    of your life before your arrest on the charges in this case in
4    2011.
5                Sir, you chose to be a fugitive from justice.  You
6    remained a fugitive for 16 years.  In the meantime, for the
7    lives of the victims' families, milestone after milestone was
8    passed without their loved ones.  Instead of, sir, remaining in
9    Massachusetts to answer these charges in a timely fashion and
10   pressing the defenses that you presented to this jury and your
11   arguments that you presented to this Court, you remained a
12   fugitive, traveling and living in various locations under
13   various identities until 2011.  Then, you were finally
14   apprehended in a residence with walls that even after 16 years
15   on the run contained over $822,000 in cash.  Whatever
16   righteousness you claim in your defenses is surely undermined
17   by your being on the run for such a long time.  And all of the
18   signs in your Santa Monica apartment, the large sums of cash,
19   the IDs in multiple names, and the firearms, suggest that you
20   intended to remain a fugitive for all time.
21               Mr. Bulger, I do also feel compelled at this juncture
22   to say something about what has now become your repeated
23   position, that your trial was a sham.  It will certainly be for
24   another court, another court in this building, in fact, to rule
25   on the correctness of my legal rulings, but there's nothing

1    about the consideration I gave those legal issues and the
2    protection of your rights as a criminal defendant, the
3    excellent advocacy that you received in your defense, the
4    verdict that was rendered by this jury, and the respect that I
5    have shown you from day one in these proceedings that was a
6    sham.  You can call it what you want, but in my humble
7    estimation, you received the fair and full trial that every
8    defendant in this country is entitled to.
9            Third, I've considered the advisory guideline
10:11 10   sentencing range.  That range is quite literally off the
11   charts, maxing out at a total offense level of 43 for a life
12   sentence to be followed by minimum mandatory sentences.
13           Fourth, I've considered the need for the sentence to
14   provide restitution to the victims.  There can be no particular
15   disagreement about providing restitution to those who qualify
16   under the statutory definition of "victim" under Title 18,
17   United States Code, 3663(a), which mandates such restitution.
18   That Act provides a broad definition of "victim" and is
19   intended not as a punitive measure but an attempt at allowing
10:12 20   victims to recoup losses.
21           I've considered whether an argument could be made that
22   the victims of the predicates not proven at trial are not
23   victims under this Act, under the CVRA, and there are just a
24   few claimants that fall into this category.  However, such
25   argument would ignore, one, that you were convicted and found

```
 1    guilty of the RICO conspiracy count in Count One of the third
 2    superseding indictment; and two, the standard of preponderance
 3    of the evidence that governs here at sentencing.
 4              As to the first point, the 1st Circuit has said, "In
 5    the context of a conspiracy, it is clear that a defendant is
 6    liable in restitution to all of the victims of the reasonably
 7    foreseeable acts of his co-conspirators.  No court has ever
 8    held to the contrary."  That's quoting from United States v.
 9    Collins, 209 F.3d 1, 4 (1st Cir. 1999), addressing the same
10    definition of "victim" under Section 3663.  I would also cite
11    to United States v. Bradley, 644 F.3d 1213, 1298 (11th Cir.
12    2011), cited in the government's papers, as well as United
13    States v. Marcello, 2009 WL 929959, *2 (N.D. of Illinois 2009),
14    which was affirmed in part and reversed in part, although on a
15    separate ground, by the 7th Circuit.  That is, even as the
16    jury, Mr. Bulger, concluded that it was not proven beyond a
17    reasonable doubt that you committed certain racketeering acts
18    of murder under either a substantive theory, an aiding and
19    abetting theory, or joint venture theory, it remains the case
20    that you were convicted of the overarching conspiracy which
21    alleged these acts as part of the scheme in Count One, and that
22    the key witnesses against you as to those acts, Mr. Martorano
23    and Mr. Flemmi, admitted their own involvement in each of these
24    murders.  Even if this could not be concluded from the verdict
25    rendered, under the preponderance of the evidence standard, I
```

1    conclude that such acts were at least committed by those
2    co-defendants in furtherance of the scheme alleged in Count One
3    and were reasonably foreseeable as part of the conspiracy for
4    which you stand convicted.
5              I should note that there's nothing about this
6    conclusion or applying the preponderance of the evidence
7    standard, which governs, frankly, all rulings by a sentencing
8    judge in any sentencing, that undermines the verdict, the
9    carefully considered verdict that was rendered by the jury in
10:15 10   this case.
11             Accordingly, I'll allow all of the pending claims made
12   for restitution with the following note; and that is, I do note
13   that I only allow these claims to the extent that they claimed
14   lost income, funeral expenses, stolen property, but not the
15   non-recoverable components of pain and suffering and loss of
16   consortium.  Although calculating restitution is not an exact
17   science, and in fact, neither party disputed the amounts sought
18   here, I only allow those claims in which I was provided with
19   sufficient supporting information to make a reasonable
10:16 20   estimation of restitution.
21             Fifth and finally, Mr. Bulger, I have considered all
22   of the purposes of sentencing.  Let me begin by saying you did
23   not accomplish many of your crimes by yourself.  You had
24   co-defendants, some of whom I've mentioned and some of whom
25   testified against you.  You had associates, and, yes, you

1  had -- certainly had some well-placed law enforcement officers
2  on your payroll and in your pocket.  Others are not blameless
3  in the wrong that has been done here.  There is culpability to
4  go all around, but you, sir, are the only defendant before me,
5  and it is your sentence that I have to determine.  I must
6  impose a just, fair, and adequate sentence for your crimes and
7  your responsibility for these crimes.
8         The most serious crimes deserve the most serious
9  punishment.  It's difficult here to talk about general
10 deterrence or even unwarranted sentencing disparities in a case
11 that I hope is *sui generis*, but if there is to be any deterrent
12 effect, it must be for me to mete out a sentence that
13 recognizes the seriousness of your crimes; any less would not
14 show sufficient respect for the law or the rule of law.
15        I have also struggled with what would ever be just
16 punishment for the unfathomable harm that you have caused, and
17 I know that any sentence I impose will be cold comfort for the
18 losses that so many have suffered.
19        Much ink has been spilled about you, Mr. Bulger, your
20 impact on the city, on South Boston in particular, your flight,
21 and this trial.  I imagine in the wake of this judgment and the
22 close of this criminal case that there will be much more ink
23 written about you, some of which you may solicit and some of
24 which you won't.  You have over time and in certain quarters
25 become a face of this city.  That is regrettable.  You and

others may be deluded into thinking that you represent this city, but you, sir, do not represent this city.

This year, 2013, with all that's happened in this city, the City of Boston, both tragic and triumphant, you and the horrible things that were recounted by your cohorts during the course of this trial do not and should not represent this city.

If anything represents this city from this trial it's that after an orderly proceeding in which both parties were very well represented by counsel, a jury did the hard work that jurors do and rendered a fair and just verdict that reflected careful review of the evidence and application of the law.

And in the wake of that, Mr. Bulger, and after careful weighing of all of the factors under Section 3553(a) and in the exercise of my discretion, I shall impose a sentence of life imprisonment, plus five years, plus life imprisonment for the counts of the third superseding indictment for which you were convicted.

For all of the reasons that I previously stated, I believe this sentence is reasonable under the facts and circumstances of this case and is sufficient, but not greater than necessary, to accomplish the goals of sentencing.

I note for the record that I understand that I'm not bound by the advisory guideline sentencing range and that I have discretion to vary from that range, but I choose not to

```
 1   exercise my discretion in that manner.
 2           Mr. Bulger, I now just want to announce for the
 3   benefit of counsel the sentence I will impose, and then I will
 4   finally ask you to rise for the formal imposition of sentence.
 5           The sentence I will impose will be life imprisonment
 6   on Counts One and Two; 240 months, which is the statutory
 7   maximum, on Counts Three, Five through Twenty-Seven to be
 8   served concurrently; a statutory maximum of 120 months on
 9   Counts Forty-Two and Forty-Five to be served concurrently; a
10   statutory maximum of 60 months on Count Forty-Eight to be
11   served concurrently; plus five years on-and-after on Count
12   Thirty-Nine, the gun 924(c) charge, to be served consecutively;
13   and plus life imprisonment on-and-after on Count Forty, the
14   machine gun 924(c) conviction, consecutive to the other
15   sentences.
16           I will impose five years of supervised release on
17   Counts One, Two, Thirty-Nine, and Forty, and three years
18   supervised release to be concurrent on the other acts.
19           I will not impose a fine in light of the restitution
20   that I will impose.
21           I will impose the mandatory special assessment of
22   $3,100, $100 for each of the counts of which you were
23   convicted.
24           I will order restitution in the amount of
25   $19,510,276.43.
```

1          As to restitution, I make a note that there was one
2     estate that filed a claim for which there was reference made to
3     other materials and which I couldn't make a reasonable
4     estimation of the loss of income, and I'm going to allow that
5     one estate a week's time to file any supporting documentation
6     to decide whether or not I'll amend the restitution order in
7     that respect.
8          And as I previously indicated, I'll enter the
9     preliminary orders of forfeiture that were requested by the
10:22 10    government, both in the form of a money judgment and the
11    forfeiture of specific assets.
12         Counsel, any objections that you want noted for the
13    record?
14         Mr. Carney?
15         MR. CARNEY:  No, your Honor.
16         THE COURT:  Mr. Kelly?
17         MR. KELLY:  No objection.
18         THE COURT:  Okay.
19         Mr. Bulger, at this point I would ask you to please
10:23 20    rise.
21         Mr. Bulger, pursuant to the Sentencing Reform Act of
22    1984 and having considered the sentencing factors under Title
23    18, United States Code, 3553(a it is the judgment of this Court
24    that you are hereby committed to the custody of the Bureau of
25    Prisons to be imprisoned for a term of life, followed by a

```
 1  consecutive minimum mandatory term of five years, and a
 2  consecutive minimum mandatory term of life.
 3          This term consists of life imprisonment on Counts One
 4  and Two; 240 months on Counts Three, Five and Six through
 5  Twenty-Seven; terms of 120 months on Counts Forty-Two and
 6  Forty-Five; and a term of 60 months on Count Forty-Eight, all
 7  to be served concurrently.  This also consists of a term of 60
 8  months on Count Thirty-Nine, and life imprisonment on Count
 9  Forty to be served consecutively to all of the other terms of
10  imprisonment imposed and consecutively to each other.
11          Upon release from prison the defendant will be placed
12  on a term of supervised release for a term of five years.  This
13  term consists of five years, as I said, on Counts One, Two,
14  Thirty-Nine, and Forty, and a term of three years on the other
15  counts of conviction to be served concurrently.
16          And any term of supervised release will be pursuant to
17  the mandatory and standard conditions and special conditions
18  that were contained in the presentence report at page 40, which
19  I know your counsel had the opportunity to review, and which
20  will all be reflected, Mr. Bulger, in the judgment that I will
21  issue.
22          It is further ordered that you shall make restitution
23  in the amount that I had previously announced, and that amount
24  will be made to the clerk of the U.S. District Court for
25  transfer to the identified victims, the claimants that made
```

1     restitution claims.
2            I'm not imposing a fine in light of the restitution
3     that I have ordered here, again, $19,510,276.43.
4            Given that I have imposed a term of imprisonment,
5     payment of the restitution shall be ordered immediately
6     according to the requirements of the Bureau of Prisons'
7     Financial Responsibility Program while you're incarcerated.
8            I shall also impose, Mr. Bulger, as I said before, the
9     mandatory special assessment of $3,100, which shall be due
10:27 10    immediately.
11           As I said before, the judgment will also incorporate
12    and include the orders of forfeiture, which I did yesterday on
13    the record.
14           That shall be the order of the Court, and you may be
15    seated.
16           Counsel, anything else before I advise Mr. Bulger of
17    his appellate rights?
18           MR. KELLY:  Not at this moment, no, your Honor.
19           THE COURT:  Counsel?
10:27 20     MR. CARNEY:  No, your Honor, thank you.
21           THE COURT:  Mr. Bulger, I do need to advise you of
22    your appellate rights.  You may appeal your conviction and your
23    sentence.  If you're unable to pay the costs of appeal, you may
24    ask permission to have those costs waived and appeal without
25    paying.  You must file any notice of appeal within 14 days

```
 1   after the entry of judgement.  If you request, the clerk will
 2   prepare and immediately file a notice of appeal on your behalf.
 3           Do you understand, sir?
 4           THE DEFENDANT:  Yes.
 5           THE COURT:  Counsel, anything else at this time?
 6           MR. KELLY:  Yes, your Honor.  There is one matter we'd
 7   like to approach sidebar about.
 8           THE COURT:  Okay.  You may.
 9           (Discussion at sidebar has been sealed and is omitted
10   from this transcript.)
11                   *   *   *   *   *   *   *   *   *
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```