# United States Court of Appeals
## For the First Circuit

No. 13-2481

IN RE: ESTATE OF ARTHUR M. BARRETT,
By Elaine Barrett, in her capacity as Administratrix, and as an individual victim,

Petitioner.

Before

Lynch, Chief Judge,
Torruella and Howard, Circuit Judges.

JUDGMENT

Entered: December 31, 2013

    The petitioner, Elaine Barrett ("Barrett"), in her capacity as the Administrator of the Estate of Arthur Barrett, has filed the instant petition for a writ of mandamus pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771(d)(3), and the All Writs Act, 28 U.S.C. § 1651. She challenges the manner in which the district court and the United States Attorney have handled her claim for restitution in the case of United States v. James J. Bulger, D. Mass. No. 99-CR-10371-DJC.

    We have reviewed the record and the petitioner's submissions, and we find no grounds for granting the requested relief. We need not decide whether 18 U.S.C. § 3612(c) or 18 U.S.C. § 3664(i) require that the victims' restitution claims should take priority over the government's right to forfeiture, because the government has in substance agreed to that result. The district court's refusal to do more at this time under those circumstances was not an abuse of discretion, see In re W.R. Huff Asset Mgmt. Co., 409 F.3d 555, 562 (2d Cir. 2005); and the extraordinary remedy of mandamus is not warranted, see United States v. Monzel, 641 F.3d 528, 532-33 (D.C. Cir. 2011). We do note that under 18 U.S.C. § 3612(c), the government will have a continuing obligation to attempt to collect full restitution for Barrett and for the other victims in this case.

    As for the petitioner's Apprendi-based argument, see Apprendi v. New Jersey, 530 U.S. 466, 476 (2000), we question whether Barrett has standing to assert a violation of the defendant's Sixth Amendment right to a jury trial; but, in any event, we deny the request for relief because there is no authority for Barrett's suggestion that Apprendi principles apply to criminal restitution awards. See United States v. Green, 722 F.3d 1146, 1149-51 (9th Cir.) (citing Southern Union Co. v. United States, 132 S. Ct. 2344 (2012)), cert. denied, 134 S. Ct. 658 (2013); United States v. Day, 700 F.3d 713, 732 (4th Cir. 2012) (same), cert. denied, 133 S. Ct. 2038 (2013).

      We note that additional arguments were outlined in Barrett's initial petition filed on November 29.  Those arguments are waived for failure to expound on them in the Opening Brief.  See United States v. Harakaly, 734 F.3d 88, 94 (1st Cir. 2013).

      The petition for writ of mandamus is denied.  The motions to amend are allowed.  The motion to file corrected or substituted brief is allowed.  The motion to file affidavit under seal is allowed and the contents of the affidavit are noted.  The motion to proceed in forma pauperis is allowed.

By the Court:

/s/ Margaret Carter, Clerk

cc:

Elaine Barrett
Henry B. Brennan
James J. Bulger
J. W. Carney, Jr.
John E. Oh
Edward T. Hinchey
Christopher T. Meier
Jonathan M. Albano
Elizabeth A. Ritvo
Michael J. Heineman
Steven M. Lundbolm, Sr.
William E. Christie
Steven H. Joseph
Frank A. Libby, Jr.
James E. Riley, Jr.
Dina M. Chaitowitz
Zachary R. Hafer
Brian T. Kelly
Mary Beth Murrane
Mark T. Quinlivan
Fred M. Wyshak, Jr.
Bruce S. Ziskind