UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | DOCKET NO. 1:99-CR-10371-DJC |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES J. BULGER, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| *In re* JOHN J. CONNOLLY, JR., | ) | |
| | ) | |
| *Interested Party.* | ) | |
| | ) | |

VERIFIED MOTION OF JOHN J. CONNOLLY, JR.
FOR LEAVE TO FILE UNDER SEAL
AND INCORPORATED MEMORANDUM OF LAW

COMES NOW John J. Connolly, Jr. (hereinafter, "Connolly"), an Interested Party in the above-styled cause, and respectfully moves this Honorable Court for leave to submit the annexed filings under seal.

In support hereof, Connolly shows unto the Court as follows:

STANDARD OF REVIEW

In evaluating whether to seal documents filed with a court, courts must strike the appropriate balance between the public interest in disclosure and any "competing private interests" in nondisclosure, "'in light of the relevant facts and circumstances of the particular case.'" FTC v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 410-411 (1st Cir. 1987). The public's right of access "is strongest [. . .] for documents introduced at trial," Bradford & Bigelow, Inc. v.

Richardson, 109 F. Supp. 3d 445, 448 (D. Mass. 2015), and "appreciably weaker" for "documents that do not serve as the basis for a substantive determination [ . . . . ]" United States v. Graham, 257 F.3d 143, 151 (2d Cir. 2001) (Emphasis supplied). Indeed, **the presumption of public interest does not attach to "an irrelevant document, that neither was nor should have been relied on."** United States v. Kravetz, 706 F.3d 47, 59 n.9 (1st Cir. 2013) (Emphasis supplied).

In deciding whether to seal documents, courts consider the degree to which the subject matter is "traditionally considered private rather than public." Kravetz, *supra*, at 62. The nature and degree of any injury that would result from public disclosure are important considerations, as is the sensitivity of the information. Id. Courts also consider how the party urging disclosure intends to use the information. Id. Where court filings may be used as "a vehicle for improper purposes," the Court must deny access "to insure that its records are not used to gratify private spite or promote public scandal." In re Boston Herald, 321 F.3d 174, 190 (1st Cir. 2003).

## ARGUMENTS

1. It is settled law that "[t]hird-party privacy interests" are "a venerable common law exception to the presumption of access" that "weigh heavily in a court's balancing equation." Kravetz, 706 F.3d at 62.

2. In the case at bar, Connelly is a third party who is entitled to maintain and safeguard his right to privacy.

3. More importantly, serious due process concerns and the interests of justice strongly support the submission of the annexed filings under seal.

4. Well-settled principles of comity and sovereignty vis-à-vis ongoing state court proceedings favor the submission of the said filings under seal. Should the instant motion be denied, the public nature of the subject filings in this Article III court will likely cause undue interference with the state court proceedings, thereby causing Connolly irreparable harm.

5. The annexed filings have no impact or nexus with the substantive rights of any of the Parties herein.

6. The foreseeable risk of irreparable harm to Connolly greatly outweighs any and all countervailing interests or public policy considerations.

7. Consistent with the rationale promulgated by the First Circuit in <u>United States v. Kravetz</u>, 706 F.3d 47, 59 n.9 (1st Cir. 2013), there is no presumption of any "public interest" for the subject filings, as the said filings merely constitute "irrelevant document[s]" which were not relied upon in the adjudication of this matter. <u>See also</u> <u>FTC v. Standard Fin. Mgmt. Corp.</u>, 830 F.2d 404, 408 (1st Cir. 1987) (public interest attaches *primarily* to "materials on which a court relies in determining the parties' substantive rights").

8. The issuance of an order granting the instant motion will not harm or prejudice the interests of the United States or its agencies.

9. As further grounds for the instant motion, the annexed filings may implicate certain protective orders of the Court. Accordingly, "good cause" exists for the allowance of this motion.

10. The instant motion is respectfully submitted as a verified filing pursuant to 28 U.S.C. § 1746, and therefore satisfies the affidavit requirement.

## CONCLUSION

**WHEREFORE,** on the above-mentioned grounds, Connolly respectfully requests that this Honorable Court enter an order granting him leave to submit the annexed filings under seal.

At Boston, Massachusetts,  
This 22nd Day of November, 2019.

Respectfully submitted,  
JOHN J. CONNOLLY, JR.  
By his attorney,

/s/ E. Peter Mullane, Esq.  
E. Peter Mullane, Esq.  
BBO #360000  
MULLANE, MICHEL & McINNES LLP  
6 Bennett Street  
Cambridge, MA 02138-5708  
Tel. (617) 661-900  
peter@3mlaw.com

## VERIFICATION AND AFFIDAVIT REQUIREMENT

I, E. PETER MULLANE, hereby declare under the pains and penalty of perjury under the laws of the United States of America that the facts as stated in the foregoing filing are true and correct to the best of my knowledge. Pursuant to 28 U.S.C. § 1746, the affidavit requirement for this filing is hereby satisfied.

/s/ E. Peter Mullane, Esq.  
E. Peter Mullane, Esq.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this filing submitted via the CM/ECF system shall be transmitted electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF"), and that paper copies shall be mailed via first class mail, postage prepaid, to those indicated as non-registered participants on the date of filing.

DATED:   November 22, 2019

/s/ E. Peter Mullane, Esq.  
E. Peter Mullane, Esq.